JOSEPH CAMPBELL PRESERVE COMPANY v. W. A.
HOLCOMB.

**No. 13,099.** ( 72 Pac. 552.)

SYLLABUS BY THE COURT.

CONTRACT—*Employer and Employee—Proof of Satisfaction
of Employer Necessary.* A contract of employment at a salary
of seventy-five dollars per month and traveling expenses provided
that should the employee continue his services for an entire year,
and should the character of his business as to volume, etc., and
his manner of conducting it be satisfactory to the employer, the
latter would make the salary equivalent to one hundred dollars
per month by the payment of the twenty-five dollars excess at the
close of the year, the determination of which should be left en-
tirely to the employer. In an action to recover the excess salary,
*held*, that satisfaction of the employer at the end of the year must
be proved.

Error from Wyandotte district court; E. L. FISCHER,
judge. Opinion filed May 9, 1903. Reversed.

*Lathrop, Morrow, Fox & Moore,* and *McAnany & Alden,*
for plaintiff in error.

*George W. Littick,* for defendant in error.

The opinion of the court was delivered by

BURCH, J. : An offer of employment was made by a
letter in the following terms :

"CAMDEN, N. J., April 27, 1899.

"*Mr. W. A. Holcomb, care of Gable, Johnson & Jones,
Kansas City, Mo.:*

"DEAR SIR—We have your letter of the 23d, and
we notice that you are like the old chickens in your
desire to return to the original hen-roost, to perch upon
a comfortable stick, placed there for the convenience
of all those old sons who desire to return for the kill-
ing of the fatted calf.

"Seriously speaking, after reading your letter we
would say, that it arrived at an opportune moment,

as we were about making arrangements for the working of a certain territory on the Missouri river, and your letter caused us to hesitate in the completion of our plans, and to consider you in connection therewith.

"Now, we have talked this matter over in confidence among ourselves, and we have reached the conclusion that if you can take up this work with a positive intention of making yourself amenable to the rules and discipline in force in the conduct of our business, there is no reason why you should not be able to make for yourself a good position, and prove a valuable employee to us.

"The whole thing, however, hinges upon your determination to do as we direct and to avoid such complications as you tied us up in formerly, during your previous connection with our house. Unless this can be clearly understood, we are frank to state that we would not for one moment consider putting you on as our representative, because we believe that the disgruntlement of the trade and the dissatisfaction caused thereby hurts and hurts hard, and for a long time, the house which practically stands behind, and is morally responsible for, the actions of its salesmen.

"Now, we make you this proposition : We are willing to engage you upon a salary of $75 per month and your traveling expenses, and further state that if your connection continues with us for the period of an entire year, and the character of your business as to volume, etc., and the manner of your conducting it is satisfactory to us, we are willing to make this salary equivalent to $100 per month by the payment of the $25 excess at the close of the year, under the conditions named. The determination of this you must leave entirely to us, and you must judge as to the honor and integrity of our house as to whether we are entitled to this much confidence from you or not.

"Another feature is that we do not desire any entanglements such as drawing money from Sauer or any one else, and having them deducting from their

remittance.    We will keep you properly supplied with funds for necessary purposes from this end, upon proper request from you, with time necessary to get the money to such. points as you may name, and we shall notify Mr. Sauer as well, to the effect that we do not wish him to make any advances to you and consider us in any way responsible for the adjustment thereof.

"Now, the present territory that we would wish you to cover we would mention as follows : Leavenworth, Lawrence, Topeka, Salina, Hutchinson, Wichita, Independence, Coffeyville, Parsons, Fort Scott, Pittsburg, Springfield, Fort Smith, Oklahoma City, Guthrie, and then we will probably move you to Pueblo, Colorado Springs, and Denver, and may consider sending you to the slope.    All this, however, can be arranged later, as we have given you in the above-named points an ample territory to work for some little time to come.

"You are acquainted with our line—you know our soups, the sale of which has grown phenomenally, and when we tell you that in about 30 days we shipped to one point, New Orleans, about 10,000 dozen of these goods, you can form some impression of how they are taking.

"We are also packing mince-meat in 2-lb. cans, apple butter, with an attractive label, in 3-lb. cans, and are about putting on the market a new 1-lb. jar jam in place of the old Ivanhoe jar.

"Wire us at once, on receipt of this, your acceptance or rejection of this proposition, so that we may lose no time in our determination to cover the ground we have outlined to you.    If you accept, we will forward expense money and trunk of samples to such a point as you may designate, so that you may get to work at once, as the business is there and should be looked after without delay.

"We trust we have been sufficiently explicit to have you understand exactly the conditions under which we offer to engage you, and we would like to hear from you immediately upon receipt, if it is satisfactory.

''We beg to return you herewith the Erie com-
pany's letter.     Yours very truly,
          JOSEPH CAMPBELL PRESERVE CO.
(Dic. L. M. F.)        '          LEN M. FRAILEY, *Sec'y*.''

The offer was accepted by telegram, as follows:

          ''KANSAS CITY, Mo., April 29, 1899.
''*Joseph Campbell Preserve Company, Camden, N. J.:*
''Accept your proposition.   Send samples to Gable
here.                    W. A. HOLCOMB.''

Services were performed for the period stipulated,
and the salary of seventy-five dollars per month paid.
At the end of the year the additional twenty-five dol-
lars per month was not paid.   Holcomb continued in
the service of the company for several months longer,
receiving monthly a salary of seventy-five dollars.
He then engaged in business with others, and brought
suit for the balance claimed to be due for the first
year's work, at the rate of one hundred dollars per
month.   On the trial the plaintiff proved the perform-
ance of service, and the volume of business done by
him, and introduced some evidence tending to show
that the services rendered were satisfactory in Janu-
ary, 1900.   No evidence whatever was offered to show
that at the close of the year the company was satis-
fied with the work done.   No fraud or bad faith on
the company's part was pleaded or proved.   Under
this state of facts no right to recover is disclosed.  ·  ·

The question to be tried was not the character of
business as to volume, etc., and the manner in which
it had been conducted, but the company's satisfaction
therewith.   The jury might believe the services to
have been insufficient to warrant approval; yet if the
company was satisfied it should pay.   On the other
hand, if the jury should esteem the services sufficient
to produce satisfaction, still the company would not

be liable unless it were actually satisfied. The determination of that question the company reserved entirely to itself. Neither the plaintiff nor the jury had the right to assume any part of that prerogative. The fact that plaintiff continued to work for the company after the expiration of the year was no evidence of such satisfaction with his efforts as rendered the additional sum due. It proved nothing more than that the company was still willing to pay him seventy-five dollars per month for what he was doing. The plaintiff had a perfect legal right, if he so desired, to agree to work for seventy-five dollars per month, and leave it to his employer to say if he should receive more. Having done so, he is bound by his contract. His conduct may have been wise or unwise, but the company plainly told him it would deal with him on no other terms. He accepted the hazard and must abide the result. (*Taylor v. Brewer*, 1 M. & S. 290; *Butler v. Winona Mill Co.*, 28 Minn. 205, 9 N. W. 697, 41 Am. Rep. 277; *Blaine v. Knapp Co.*, 140 Mo. 241, 41 S. W. 787; *Bush v. Koll*, 2 Colo. App. 48, 29 Pac. 919; *Nelson v. Von Bonnhorst*, 29 Pa. St. 352; *McCarren v. McNulty and others*, 7 Gray, 139, 46 Cent. L. J. 360.)

A question of jurisdiction has been presented. The finding of the court with reference thereto, upon oral and other evidence, is probably conclusive. But, because of the view of the case upon the merits here taken, further discussion is unnecessary.

The judgment is reversed and the cause remanded.

All the Justices concurring.