No. 18,925.

W. E. RAMEY, *Appellant*, v. C. E. THORSON, *Appellee*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Exchange of Property—Tender of Performance —Contract Binding*. A contract to exchange property contained the following provision: "Provided however, that the said party of the second part can make arrangements whereby he may be able to complete this deal according to the following terms:" *Held*, that tender of performance by the party of the second part before the other party withdrew rendered the contract mutually binding.

2. SAME—*No Arbitrary Right to Refuse Performance*. The contract contained the following provision: "This reserves the right for each man to be the judge as to representations made as to other's property to either reject or accept." *Held*, the party of the first part did not have an arbitrary right to reject the second party's property. Judgment upon the second party's representations was required as a basis for rejection, and this meant fair and candid judgment such as honest and reasonable men exercise.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 6, 1915. Reversed.

Ramey v. Thorson.

*J. B. Larimer*, and *Douglas D. Mote,* both of Topeka, for the appellant.

*Tinkham Veale*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for breach of a contract to exchange property. A demurrer was sustained to the petition and the plaintiff appeals.

The defendant, owning a stock of hardware at Larned, agreed to trade it to the plaintiff for land in Logan county. The stock of hardware was to be taken at the invoice price, plus freight. The land was valued at $18,100 above two mortgages aggregating $7500. The contract concluded as follows:

. "Provided however, that the said party of the second part can make arrangements whereby he may be able to complete this deal according to the following terms:           C. E. THORSON,
*First Party.*
W. E. RAMEY,
*Second Party.*

"This reserves the right for each man to be the judge as to representations made as to other's property to either reject or accept."

- The controversy relates to the binding quality of this instrument.

A copy of the contract was attached to the petition, which alleged that the plaintiff made the necessary arrangements to complete the deal and notified the defendant that he was ready, able and willing to perform, all without notice of dissatisfaction on the defendant's part, but that afterwards the defendant, without having made investigation or inquiry of any kind, refused to inform himself respecting the truthfulness of the plaintiff's representations concerning the land, refused to judge the character of such representations, and without cause or excuse refused to perform, although the plaintiff's representations were .true.

The proviso preceding the signatures ceased to be

of importance when the plaintiff made arrangements to complete the deal and notified the defendant of his ability and readiness to perform. The defendant not having previously withdrawn, tender of performance by the plaintiff rendered the contract mutually binding.

"A mere offer or a promise to buy or to sell, if not repugnant to the statute of frauds, and if accepted before revocation, may become a binding contract." (*Quinton v. Mulvane,* 71 Kan. 687, 691, 81 Pac. 486.)

The proviso following the signatures did not give the defendant the arbitrary right to reject the plaintiff's land. Judgment upon the plaintiff's representations was required as a basis for rejection, and this meant fair and candid judgment such as honest and reasonable men exercise. (*Hollingsworth v. Colthurst,* 78 Kan. 455, 96 Pac. 851; *Hodges v. Ferry & Co.,* 92 Kan. 21, 140 Pac. 102.)

The petition was amended to explain the form and meaning of the contract. The amendment went considerably beyond the situation and circumstances of the parties, and error was not committed in striking it out. Without the amendment the plaintiff could, of course, show the facts indicated.

Since the petition discloses a valid contract, the judgment of the district court is reversed and the cause is remanded with direction to overrule the demurrer to the petition.