No. 21,342.

J. P. CANADAY and WINNIE R. CANADAY, *Appellants,* v. FRANK MILLER and JENNIE MILLER, *Appellees.*

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*Nonmarketable Title—Specific Performance Refused.* A vendor agreed to make abstracts of title and perfect title to the satisfaction of the vendee. The vendee took the opinion of able lawyers, who advised him the abstracts furnished were insufficient and the title tendered was not marketable, and refused to complete the purchase. *Held,* specific performance should not be decreed.

2. SAME. The evidence relating to the title of real estate in the state of Arkansas considered, and *held,* the title is not marketable under : the laws of that state.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed March 9, 1918. Affirmed.

*Alpheus Lane, Major Lane,* and *Charles T. Meuser,* all of Paola, for the appellants.

*B. T. Riley,* of Paola, *James H. Austin,* and *B. Denny Davis,* both of Kansas City, Mo., for the appellees; *William F. Woodruff,* of Kansas City, Mo., of counsel.

The opinion of the court was delivered by

BURCH, J.: The action was one for specific performance, the purpose being to require the defendant to accept title to certain lands in Arkansas. The defendant prevailed, and the plaintiff appeals.

The defendant traded a stock of goods to the plaintiff for land in Kansas and 'in Arkansas. Possession of ·the stock of goods was delivered to the plaintiff on certain conditions. The plaintiff furnished abstracts of title to the Arkansas land, which were confessedly defective and which disclosed ques-

37—Kan.—1778 ·

tionable title. Afterwards a second contract was made, giving the plaintiff time in which to perfect both his abstracts and his title. The agreement was that the plaintiff would "with all convenient speed proceed at once to have abstracts and title to said land made and perfected to the satisfaction of said Miller." New abstracts were subsequently submitted to the defendant, who, after having examined them, disapproved them and disapproved the title disclosed. The action involved several subjects. With respect to the one under consideration the court made merely a general finding that the plaintiff ought not to recover.

The decision of the district court is sustainable on two grounds.

The abstracts and title were to be made and perfected to the satisfaction of the defendant. He is not satisfied with either. He took the opinion of able lawyers on both subjects, who advised him the abstracts are insufficient and the title is not merchantable. His dissatisfaction is not captious, nor arbitrary, nor feigned, and under his contract he is not obliged to go further. (LeRoy v. Harwood, 119 Ark. 418, 178 S. W. 427; Hollingsworth v. Colthurst, 78 Kan. 455, 96 Pac. 851; Read v. Loftus, 82 Kan. 485, 493, 108 Pac. 850; Ramey v. Thorson, 94 Kan. 150, 146 Pac. 315.)

The title tendered was not merchantable. The determination of this question depended on the law of Arkansas. The plaintiff offered in evidence the opinions of Arkansas attorneys. They admitted the plaintiff does not have a record title, and base their opinions that the title is merchantable on adverse possession of a special kind, or on confirmatory actions quieting such title as the plaintiff had by adverse possession. The defendant offered the opinion of an Arkansas attorney, based on decisions of the supreme court of Arkansas, that the title is not merchantable. The evidence of this witness sustains the judgment of the trial court.

Under a statute of the state of Arkansas, payment of taxes, under color of title, on unimproved and uninclosed land, confers constructive possession, which may ripen into title by virtue of the statute of limitations, the same as actual adverse possession. The title thus acquired is title by adverse possession —constructive adverse possession as distinguished from actual

adverse possession. (*Taylor v. Leonard*, 94 Ark. 122.) The plaintiff's title is of the character just described, and in Arkansas, to be marketable, a title must be a clear record title. Title by adverse possession is not marketable, however perfect it may be. (*Mays v. Blair*, 120 Ark. 69, 179 S. W. 331.)

Decrees quieting the plaintiff's title have been entered. The service was by publication of a warning notice to all persons interested. Decrees of this kind may be opened within three years by any person offering to file a meritorious defense, and may be opened by persons under disability—infants, idiots, lunatics, and married women—within three years after removal of disability. The decrees were rendered in November, 1915. This action was commenced in January, 1916. Since the decrees are "not even yet impervious to the attack which under certain circumstances can be made" upon them, the plaintiff's title still rests on adverse possession. (See *Shelton v. Ratterree*, 121 Ark. 482, 181 S. W. 288.)

The plaintiff undertakes to demonstrate that the decrees cannot be opened by anybody. What he succeeds in doing is to show a probability that his title by adverse possession is good. Under the law of Arkansas that kind of a title is not marketable.

The judgment of the district court is affirmed.