## No. 11,347.

## FONTIUS SHOE CO. *v.* LAMBERTON.

Decided October 26, 1925. Time for filing petition for rehearing
expired December 1, 1925.

Action by employe to recover amount alleged to be due
as a bonus. Judgment for plaintiff.

### *Reversed.*

1.  MASTER AND SERVANT—*Contract—Bonus.* In an action by an employe to recover amount alleged to be due as a bonus under a contract of employment, the contract providing that the employe could be discharged at any time, in which event the bonus would be forfeited, it is held, that being discharged, he could not recover the bonus to which he otherwise would have been entitled.

*Error to the District Court of the City and County of
Denver, Hon. James C. Starkweather, Judge.*

Mr. JOSEPH S. JAFFA, Mr. A. B. MANNING, for plaintiff
in error.

Mr. WILLIAM A. BRYANS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the
court.

THIS is an action to recover a bonus under a contract
of employment. There was a judgment for plaintiff.
Defendant has sued out this writ, and the cause is before
us upon an application for a supersedeas.

The defendant below is a corporation engaged in the
business of selling shoes at retail. Plaintiff was a clerk

in the employ of defendant. His compensation was fixed by a written contract. The complaint is predicated upon an oral contract, but the findings and judgment of the trial court were based upon the written contract. Plaintiff sues for a bonus alleged to be due him under his contract, and that alleged to be due to two other former employees of defendant under similar contracts. As to the latter items, plaintiff sues as assignee. The contracts involved herein are each identical in form. Plaintiff's written contract was in the following language:

"This agreement, made this 21 day of June, 1921, between The Fontius Shoe Company, a Colorado Corporation, first party, and W. J. Lamberton, second party;

"Witnesseth, that the first party does hereby employ the second party and the second party does hereby agree to serve the first party as a salesman at its place of business in Denver, Colorado, for a salary of 27.50 dollars per week, payable on each Monday of each week during the time that the second party is employed by the first party; the first party hereby reserving the right to discharge the second party at any time it may see fit.

"In witness whereof the parties hereto have hereunto set their hands the day and date above written.

(signed) The Fontius Shoe Company<br>By Harry E. Fontius,<br>First Party<br>(signed) W. J. Lamberton<br>Second Party.

"It is the purpose of The Fontius Shoe Company to maintain a corps of competent salesmen. As an inducement to salesmen to continue in the employ of the Company, the Company has established a bonus plan as follows:

"Every salesman is allotted a monthly quota of cash and credit sales, which quota he is expected to attain during each and every month of his employment. If his sales exceed such monthly quota a certain percentage of the excess is allowed the salesman as a bonus.

"One-half of such bonus is payable to the salesman on the 15th of the month following the month during which it is earned. The other half is payable on the 15th of the sixth month after such bonus has been earned. In the event that any salesman shall voluntarily leave the employ of the company, or in the event that any salesman shall be discharged or dismissed for any cause whatever within the sole judgment of the Company, then any bonus which shall otherwise be payable to any salesman shall be forfeited to the Company for its own use and benefit and such salesman shall have no claim whatever upon the Company for such bonus. The Company disclaims any intention of making the payment of any bonus as a part of the consideration of employment, but undertakes to pay such bonus only as a gratuity in appreciation for continuous, efficient and satisfactory service.

"In pursuance of this bonus plan the Company hereby allots a quota of 1700.00 dollars per month to the salesman mentioned in the agreement above written, to become effective on the first day of June, 1921, and fixes the percentage on the excess monthly sales at 4 per cent.

The Fontius Shoe Company."

The plaintiff and his assignors, coemployees of the defendant company, were discharged by the company, the plaintiff being dismissed on September 1, 1923, and his assignors in October, 1923. The bonus sued for is the bonus which would have been payable, on the respective dates of dismissal, if there had been no dismissal.

If, as plaintiff claims, that part of the written instrument which follows after the signature of the employee is a part of the contract, we are still unable to hold that plaintiff is entitled to recover. The contract expressly provides that defendant may discharge plaintiff "at any time it may see fit," and may do so "for any cause whatever within (its) sole judgment." It further provides that in the event of a discharge no bonus which otherwise would be payable shall be payable. The contract further defines the bonus to be a "gratuity."

The trial court found that defendant company discharged plaintiff and his assignors "arbitrarily and capriciously and without any reason or justifiable cause." The correctness of this finding is challenged, upon the ground that no evidence was taken upon that point. But assuming that the finding is correct, we are still unable to hold that plaintiff is entitled to recover. The defendant company seems to have incorporated into the contract language which permits such conduct on its part, and also to deprive an employee of his bonus in the event of such a discharge. It is true that a bonus is generally held to be a part of the agreed compensation, but in the instant case the defendant expressly states and provides that any bonus it gives shall be given "only as a gratuity."

No case has been cited which presents a situation such as that presented here. There are elaborate annotations concerning bonus in 28 A. L. R. 331, and 28 A. L. R. 346, but no case there reviewed involved a contract which gave an employer such latitude as that given by the contract here involved. So far as the bonus is concerned, the contract in the instant case is nothing more than an announcement of the policy of defendant. Its forfeiture provisions seem harsh, but we can act only upon the contract which the parties have made. *Bush v. Koll,* 2 Colo. App. 48, 29 Pac. 919; *Preserve Co. v. Holcomb,* 67 Kan. 48, 72 Pac. 552.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.