594 P.2d 605 (1979)
Linda LAMPLEY, Plaintiff-Appellee,
v.
CELEBRITY HOMES, INC., a Colorado Corporation, Defendant-Appellant.
No. 78-092.
Colorado Court of Appeals, Div. II.
April 19, 1979.
*607 Bettenberg, Stipech, Miller & Makkai, John A. Stipech, Denver, for defendant-appellant.
KELLY, Judge.
Celebrity Homes, Inc., appeals from a judgment of the trial court awarding Lampley a share of its non-deferred profit sharing plan fund for the 1975-76 fiscal year. Celebrity contends that the trial court erred in finding that Celebrity's memorandum concerning the profit sharing plan constituted a novation of the employment contract, and was therefore a binding contract on the parties. Celebrity also argues that the wage claim penalties imposed pursuant to § 8-4-104, C.R.S.1973, and attorneys' fees assessed under § 8-4-114, C.R.S. 1973, were erroneously awarded. We affirm the award of Lampley's share in the plan, and reverse as to the award of the wage claim penalties and attorneys' fees.
Lampley began to work for Celebrity on May 13, 1975. On July 29, 1975, Celebrity announced the initiation of a profit sharing plan. The plan was effective retroactively to April 1, 1975, for all salaried employees as of June 30, 1975. Distributions under the plan were to be made in cash to the employees between May 15 and June 15 of 1976 for the company's fiscal year ending March 31, 1976. Lampley continued her employment with Celebrity until she was terminated on January 13, 1976. A distribution under the profit sharing plan was made for the 1975-76 fiscal year, and Lampley brought this action to recover her proportionate share.
When considering a memorandum a reviewing court is not bound by the conclusions of the trial court on the issues of law involved, Grant Investments Co. v. Fuller & Co., 171 Colo. 86, 464 P.2d 859 (1970), or by its interpretation of the memorandum. Sentinel Acceptance Corp. v. Colgate, 162 Colo. 64, 424 P.2d 380 (1967). Therefore, this court is not bound by the trial court's interpretation of the profit sharing plan nor by its finding that this plan constituted a novation.
A novation is defined as a substitution of a new contract between the same or different parties. Black's Law Dictionary (4th Ed.1968). The requisites of a novation are a previous valid obligation, an agreement of all the parties to the new contract, consideration, extinguishment of the old obligation, and the validity of the new one. Black's Law Dictionary, supra. The pre-existing obligation must be extinguished or there is not a novation. Richardson Drug Co. v. Dunagan, 8 Colo.App. 308, 46 P. 227 (1896). A mere modification *608 will not suffice; anything remaining of the original obligation prevents a novation. Richardson Drug Co. v. Dunagan, supra.
Here, Lampley's original employment contract with Celebrity was not extinguished by the profit sharing plan. The plan merely modified the original contract by additional terms and did not alter the pre-existing terms of the employment agreement. Therefore, the plan did not constitute a novation. This conclusion does not, however, mandate reversal, if the trial court reached the right result, albeit for the wrong reason. Klipfel v. Neill, 30 Colo. App. 428, 494 P.2d 115 (1972).
Celebrity contends that the profit sharing plan was offered as a gratuity and that, therefore, it had not legally obligated itself to pay the bonus. In Fontius Shoe Co. v. Lamberton, 78 Colo. 250, 241 P. 542 (1925), the profit sharing plan was held to be an offer of a mere gratuity and not a contract. However, the Fontius plan specifically provided that all bonuses thereunder were gratuitous. In the present case, there is no such provision. Rather, the plan expressly provides that if the company's profit goals are attained, the employee will receive a share in the profits determined according to a formula set out in the plan. Accordingly, Celebrity's profit sharing plan is not gratuitous in its nature but, in this respect, was a covenant by Celebrity, conditioned only upon the attainment of the specified profit.
In further support of its claim that the plan is not a binding contract, Celebrity contends that there was no consideration. Benefit to the promisor or detriment to the promisee, however slight, can constitute consideration. Western Federal Savings & Loan Ass'n v. National Homes Corp., 167 Colo. 93, 445 P.2d 892 (1968). The plan states as its objective:
"Our goal is . . . to produce added employee benefits gained through a higher quality of operation. Through teamwork in our day to day operation, we can achieve not only higher levels of profits, but also better performance for our customers, a better quality in design of products, fair treatment of customers, subcontractors and suppliers."
This language indicates that the plan was established as an inducement to Celebrity's employees to remain in its employ and to perform more efficient and faithful service. Such result would be of obvious benefit to Celebrity, and thus consideration was present. Wellington v. Con P. Curran Printing Co., 216 Mo.App. 358, 268 S.W. 396 (1925).
Relative to its claim of lack of consideration, Celebrity also argues that the distribution of benefits under the plan is discretionary with the company. We disagree. Courts will not torture words and phrases to import ambiguity where their ordinary meaning leaves no room for ambiguity. Aronoff v. Western Federal Savings & Loan Ass'n, 28 Colo.App. 151, 470 P.2d 889 (1970). The plan expressly states that if company profit goals are attained, the employees will share in the profits. Nowhere in the plan is there a provision stating that a distribution is discretionary with the company. In addition, the plan establishes a definite time when the distributions will be made. These terms indicate that the profit payments were not discretionary.
Lampley, who was employed for an indefinite term, was not obligated to remain until 1976, and it can be inferred from the evidence in the record that she was induced to do so, in part at least, by the profit sharing offer made to her by Celebrity. Thus, this case can be distinguished from the class of cases which hold that there can be no recovery where the company gets no more service as a result of such a promise than it would if no such promise had been made. The memorandum of the profit sharing plan was an offer to add additional terms to the original employment for a contract and Lampley's continued employment with Celebrity was an acceptance of the offer and the consideration for the contract. See Thompson v. Burr, 260 Or. 329, 490 P.2d 157 (1971).
In its argument that the plan is not a binding contract, Celebrity also asserts that *609 the employee's rights do not vest under the plan until the end of the fiscal year when the company's profit is determined. The plan contains no provision for delayed vesting. Once the announced plan became a binding contract, i. e., on July 29, 1975, Lampley's rights under the plan immediately vested. The time of payment under the plan is irrelevant to the time of vesting of Lampley's rights.
Finally, Celebrity argues that even if the plan were a contract, the employee must be employed with the company at the time of distribution. Celebrity relies on Fontius Shoe Co. v. Lamberton, supra. In Fontius, the profit sharing plan expressly stated that the employee must be employed at the time of distribution to receive a share in the profits. While Celebrity's plan specified a time of distribution, it is silent as to whether an employee must be working for the company at the time of distribution.
Where the payment of a profit sharing plan is a contract, rather than a gratuity, the obligation to pay profits to an employee may not be defeated by discharging the employee before the distribution is made. Steidtmann v. Koelbel & Co., 32 Colo.App. 94, 506 P.2d 1247 (1973). Celebrity disputes the trial court's finding that Lampley was wrongfully discharged. However, since sufficient evidence exists to support the trial court's finding, it is binding on review, Famularo v. Board of County Commissioners, 180 Colo. 333, 505 P.2d 958 (1973), and thus Lampley is entitled to a share of the profits for the fiscal year 1975.
Celebrity asserts that the penalty awarded under § 8-4-103, C.R.S.1973, and the award of attorneys' fees pursuant to § 8-4-114, C.R.S.1973, were erroneous because § 8-4-105(3), C.R.S.1973, specifically excludes profit sharing plans from coverage by these statutes. We agree.
Section 8-4-105(3), C.R.S.1973, provides:
"Nothing in this article shall apply to compensation payments due an employee under a profit-sharing plan, a pension plan, or other similar deferred compensation programs."
Accordingly, the statutes upon which the court premised its award of a penalty and attorneys' fees are inapplicable here, and, as to these items, the judgment must be reversed.
The judgment is affirmed as to the share in profits. The judgment awarding attorneys' fees and a wage penalty is reversed.
ENOCH and STERNBERG, JJ., concur.