**M.L.G. CORPORATION, d/b/a American International Rent-A-Car, Plaintiff-Appellant,**

v.

**Gary James DAVIS, Defendant-Appellee.**

No. 82CA0385.

Colorado Court of Appeals, Div. III.

April 28, 1983.

Rehearing Denied June 9, 1983.

Certiorari Granted Nov. 29, 1983.

Leslie B. Schwartz, Denver, for plaintiff-appellant.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Laird Campbell, Thomas M. Schrant, Denver, for defendant-appellee.

Joel H. Greenstein, John G. Salmon, Kathleen L. Spalding, Denver, for amicus curiae Colorado Trial Lawyers Assn.

KELLY, Judge.

M.L.G. Corporation, doing business as American International Rent-A-Car, appeals the judgment entered after trial to the court dismissing its suit against the defendant, Gary James Davis, to recover the value of an automobile rented by Davis and demolished in an accident. Among other things, MLG argues that the trial court erred in ruling that specified provisions of the written rental contract between the parties constitute an insurance contract wherein MLG is the insurer and Davis is the insured. We conclude that this ruling was erroneous, and we, therefore, reverse.

The disputed section of the rental agreement states:

"PROVIDING THERE IS NO VIOLATION BY CUSTOMER OF ANY OF THE PROVISION[S] OF THIS AGREEMENT, AND NOT OTHERWISE, Customer's responsibility for damages to the vehicle ... shall be

. . . .

(c) waived if Customer has at the time of the rental initialed the box entitled 'Physical Damage Waiver (PDW)' and agreed to pay Lessor the additional specified fee. NOTE: THIS IS NOT A CONTRACT OF INSURANCE."

Although other options were available to Davis limiting his liability either to $350 or to $500, Davis selected the "PDW" box. Davis was charged an additional fee of $4.00 per day because of this selection.

While under the influence of alcohol, Davis hit a utility pole, resulting in the total destruction of the vehicle. In seeking to recover for this loss, MLG relies on Davis' violation of the provisions of the rental agreement requiring him to return the vehicle in the same condition in which he received it and prohibiting its operation by the lessee while "under the influence of drugs or intoxicants."

The trial court ruled that the physical damage waiver provisions of the rental agreement were ambiguous, and concluded that they constituted an insurance agreement between the parties. It therefore construed the provisions most strongly against MLG, concluded that it was an adhesion contract, and declined to enforce it. We agree with MLG that these rulings were erroneous.

 The determination of ambiguity in a document is a question of law, and the appellate court is not bound by the findings of the trial court on the question. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981). A difference of opinion between the parties about the interpretation to be given an instrument does not create an ambiguity. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978). Rather, the language of the instrument is to be construed in harmony with the accepted meaning of the words used and with the other provisions of the document. *Christmas v. Cooley*, 158 Colo. 297, 406 P.2d 333 (1965).

 Here, the agreement explicitly provided that it is not a contract of insurance, and there are no other contract provisions importing a contrary conclusion. Courts will not torture words and phrases in an agreement to find an ambiguity where the ordinary meaning creates none. *Lampley v. Celebrity Homes, Inc.*, 42 Colo. App. 359, 594 P.2d 605 (1979).

 This rental agreement between the parties is a contract of bailment for their mutual benefit. *See Christensen v. Hoover*, 643 P.2d 525 (Colo.1982). An auto-

mobile rental agreement is a bailment contract for the parties' mutual benefit. The physical damage waiver provision of an automobile rental contract is the bailor's agreement, for a consideration paid by the bailee, to waive the contractual provision requiring the property to be returned in good condition. Since this contract also requires that there be compliance with the other contractual requirements, the bailee's violation of the contractual prohibition against driving while intoxicated voided the waiver.

We also agree with MLG's arguments that the trial court erred in its ruling that the contract is unenforceable because it is unconscionable and is difficult to read. Here, there is no evidence that the parties were of unequal bargaining strength, there being no testimony that Davis could not have rented the automobile without assenting to one of the provisions limiting his liability for physical injury to the vehicle. There is also no evidence that Davis attempted to read the contract and was unable to do so because of its color, its size of print, or that he was confused by the numbering of its pages. We therefore conclude that, as a matter of law, the contract is neither unconscionable nor unenforceable. *See Jones v. Dressel,* 623 P.2d 370 (Colo. 1981).

In view of the conclusions we have reached, we need not consider the other arguments for reversal.

The judgment is reversed and the cause is remanded with directions to the trial court to enter judgment for the plaintiff for the amount of damages shown by the uncontroverted evidence in the record, for interest pursuant to § 5–12–101, C.R.S. 1973, and for an appropriate award of costs and attorneys' fees.

VAN CISE and KIRSHBAUM, JJ., concur.