REGIONAL TRANSPORTATION DISTRICT, a statutory political subdivision of the State of Colorado, Plaintiff–Appellee,

v.

The UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, a statutory political subdivision of the State of Colorado, Defendant–Appellant.

No. 94CA1825.

Colorado Court of Appeals,
Div. V.

May 2, 1996.

Rehearing Denied June 27, 1996.

Rolf G. Asphaug, Deputy General Counsel, Denver, for Plaintiff–Appellee.

Sabey, Johns, Ordelheide & Smith, P.C., Deborah E. Smith, Denver, for Defendant–Appellant.

Yu Stromberg Cleveland, Frederick Y. Yu, Denver, for Amicus Curiae Colorado Hospital Association.

Opinion by Judge ROTHENBERG.

In this action for declaratory judgment and injunctive relief, defendant, the University of Colorado Hospital Authority (University Hospital) appeals the summary judgment entered in favor of plaintiff, Regional Transportation District (RTD). The dispositive issue in this appeal is whether § 10–4–708.5, C.R.S. (1994 Repl.Vol. 4A) applies to hospitals. Because we conclude that it does not, we reverse.

On October 31, 1992, a doctor at University Hospital treated a patient who had been involved in a bus accident, and University Hospital sent a bill for the use of its facilities to RTD almost two months later. RTD did not contest its responsibility for paying the bill under the No–Fault Act, § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A). However, relying upon § 10–4–708.5, RTD refused to pay because the bill was not sent within thirty days.

Section 10–4–708.5, C.R.S. (1994 Repl.Vol. 4A) provides that when an accident victim is:

*examined or treated by a physician or health care practitioner, such physician or health care practitioner shall notify the insurer within thirty calendar days after the insured's initial visit.* The notice shall include … the name and address of the treating health professional, the evaluation or diagnosis, and the medical procedure performed or the medical treatment provided.... *If the treating health professional does not submit the required notice within the specified time, neither the insurer nor the injured person shall be responsible for the expense incurred for the medical procedure or treatment rendered prior to the late notification,* unless the late notification is the result of excusable neglect. (emphasis added)

University Hospital protested, contending that the thirty day notification provision of the statute applies only to "physicians or health care practitioners." And, since University Hospital was neither, it asserted that the penalty provision of the statute requiring physicians to forego or waive collection of any medical bills not sent within thirty days was inapplicable.

RTD filed a complaint seeking a declaratory judgment that § 10–4–708.5 applies to hospitals, and an injunction preventing University Hospital from attempting to collect bills untimely sent under the statute.

The parties filed cross-motions for summary judgment. The trial court determined that University Hospital was not a physician or health care practitioner and, thus, was outside the scope of the notification provision of the statute. However, the court noted that the penalty portion of the statute did not differentiate between individual health care practitioners and other health care providers such as hospitals. It reasoned that the General Assembly's intent was to require prompt billing by all medical providers, and that hospitals were best situated to ensure that their physicians cooperated in helping hospitals to send out prompt bills. The trial court stated that:

The statute waives payment for expenses incurred for the *medical procedure or treatment,* regardless of whether the insured received it at the physician or health care provider's office or at [University Hospital]. (emphasis in original)

Accordingly, the trial court concluded that the penalty provision of the statute did apply to University Hospital and, on that basis, it entered judgment in favor of RTD.

Interpretation of a statute is a question of law and our review is de novo. In construing statutes, our primary task is to ascertain and give effect to the intent of the General Assembly by first looking to the language of the statute itself. *Evinger v. Greeley Gas Co.*, 902 P.2d 941 (Colo.App. 1995).

A statute should be interpreted to give consistent and harmonious effect to all its parts. *People v. District Court*, 713 P.2d 918 (Colo.1986).

Neither party questions, and we agree with, the trial court's ruling that hospitals are not governed by the notification portion of the statute. The absence of hospitals from the statute cannot be considered an oversight because the General Assembly specifically referred to "health care practitioner organizations" in a closely related statute during the same legislative session. *See* § 10–4–708.6, C.R.S. (1994 Repl.Vol. 4A). In contrast, the General Assembly did not include hospitals in § 10–4–708.5.

At issue is whether the penalty provision of § 10–4–708.5 applies to hospitals. We hold that it does not.

Resolution of this issue turns on whether the phrase, "medical procedure or treatment," in the penalty portion of the statue necessarily refers to *all* procedures and treatments, including those rendered by hospitals. We conclude that it does not.

As previously noted, the notification portion of the statute applies only to physicians and health care practitioners. And, the sentence containing the penalty provision continues to refer to treating physicians or health professionals. Thus, when the statute is read as a whole, we conclude that the medical procedures and treatments referred to in the penalty provision are those performed by treating physicians or health professionals, not to any and all treatment rendered by anyone. It would be incongruous to subject a health organization like a hospital to a waiver based upon the failure of another person, such as the treating physician, to comply with the notification requirement of the statute, especially since the treating physician or health professional may be independent of the health organization and not subject to its control.

We view any other construction as strained and inconsistent with the trial court's correct conclusion that the notice provision of the statute is inapplicable to hospitals. *See People v. Browning*, 809 P.2d 1086 (Colo.App. 1990). *See also Lampley v. Celebrity Homes, Inc.*, 42 Colo.App. 359, 594 P.2d 605 (1979) (if the statute upon which the trial court premised its award of a penalty is inapplicable, penalty cannot be upheld).

We also reject RTD's contention that the General Assembly's decision to limit the scope of the statute to individual health care practitioners leads to an absurd result. The General Assembly may have determined that individual health care practitioners with smaller practices and direct, one-on-one contact with patients can issue prompt bills, whereas large health care organizations such as hospitals cannot be expected to move so quickly. If the General Assembly had wanted the statute to apply to hospitals, it could have included them expressly. We need not hypothesize about the General Assembly's intent since the plain language of the statute controls. *See People v. Bowman*, 812 P.2d 725 (Colo.App.1991) (unless plain meaning of statute leads to an absurd result, it is controlling).

The summary judgment in favor of RTD is reversed, the injunction is vacated, and the cause is remanded with directions to enter judgment in favor of University Hospital.

TAUBMAN and CASEBOLT, JJ., concur.