(42 P.3d 210)

No. 87,448

Michael G. Hill and Dianne M. Hill, *Appellants*, v. William Perrone and Sylvia Perrone, *Appellees*.

Opinion filed March 15, 2002.

*Kenneth E. Peirce*, of Peirce Law Office, of Hutchinson, for appellants.

*John B. Swearer*, of Martindell, Swearer & Shaffer, LLP, of Hutchinson, for appellees.

Before Rulon, C.J., Beier, J., and Wahl, S.J.

Rulon, C.J.: Plaintiffs Michael G. Hill and Dianne M. Hill appeal the trial court's order granting summary judgment in favor of defendants William Perrone and Sylvia Perrone in a case involving a contract to purchase real estate. The trial court held the Perrones lawfully rescinded their agreement to buy the Hills' home under a buyer satisfaction clause in the contract.

The material facts are as follows:

On July 12, 2000, the defendants entered into a written contract to purchase the plaintiffs' residence. A clause in the contract provided that performance was contingent upon the completion of all inspections to the defendants' satisfaction within 21 days of closing. Closing was to be completed on or before September 29, 2000. An

addendum to the contract included the same contingency, requiring the satisfaction of the defendants by September 15, 2000.

On September 11, 2000, a termite inspection was conducted at the plaintiffs' residence. The inspection revealed the home had been previously treated for termites. The plaintiffs stated in the sellers' disclosure statement they had no knowledge of property damage caused by termites; plaintiffs had told their real estate agent, Oleta Lett, the home was never treated for termites during the past 18 years they had lived in the residence.

On September 13, 2000, an inspector hired by the defendants performed a complete home inspection. The parties and Lett were present during the inspection. The inspector found a piece of wood in a crawl space of the plaintiffs' garage which appeared to have been damaged by termites. The parties and Lett discussed the termite matter, including the earlier treatment conducted prior to the plaintiffs' ownership. Lett stated the chemical chlordane, once a popular pesticide for killing termites, may have been used in the home for the previous treatment. The defendants' inspector also found numerous items needing repair in the plaintiffs' home and noted certain safety hazards in his report. At the conclusion of the inspection, defendant William Perrone and plaintiffs initialed a document listing five items of repair to be completed by the plaintiffs. The plaintiffs allege defendant William Perrone agreed to perform on the contract after the plaintiffs completed the list of requested repairs. Defendant William Perrone admits he informed Lett that she could take down the sign in the yard.

The day after the inspection, defendant William Perrone investigated the dangers of the chemical chlordane on the internet and learned that chlordane is a highly toxic pesticide now banned from use as termite treatment. Based on this information and the results of the inspection, which indicated the need for several repairs, the defendants informed Lett they did not intend to close the sale with the plaintiffs. The plaintiffs allege the repairs on the list from the inspection were completed sometime before the scheduled closing date. However, the defendants did not show up for the scheduled closing date. The plaintiffs eventually sold their home to another

buyer for less money than the purchase price on the contract with the defendants.

The plaintiffs filed a petition against the defendants to recover monetary damages for breach of contract. Following discovery, the defendants filed a motion for summary judgment. The defendants claimed the results of the inspections were not acceptable and, therefore, the terms of the contract permitted them to terminate the contract. The plaintiffs argued summary judgment was inappropriate due to the existence of disputed factual matters, particularly the reasons behind the defendants terminating the contract. The plaintiffs also filed a motion for attorney fees, claiming the defendants' motion for summary judgment was frivolous. The trial court found no material facts were in dispute and further found the defendants had exercised their contractual right to rescind under the buyer satisfaction clause. The trial court granted summary judgment to the defendants, and plaintiffs' claim for attorney fees was denied.

## Standard of Review

The issues raised in this appeal involve the question of whether the trial court properly granted summary judgment to the defendants. Kansas courts apply the following standard of review for summary judgment:

"The standard of review for issues decided on summary judgment is well known. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The district court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with the evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find that reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Davis v. Miller*, 269 Kan. 732, 737, 7 P.3d 1223 (2000).

## Right to Terminate Contract

Plaintiffs initially argue the defendants breached the contract without valid reason. Plaintiffs contend the conditions of the con-

tract were fulfilled when the defendants were afforded the opportunity to inspect the home and request repairs, which were completed at the plaintiffs' expense. Plaintiffs request this court to hold the defendants breached the contract as a matter of law and remand to the trial court for a determination of damages.

The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect. *City of Topeka v. Watertower Place Dev. Group*, 265 Kan. 148, 152-53, 959 P.2d 894 (1998). Contracting parties may agree to their own terms and impose conditions to a contract so long as the conditions are not illegal or contrary to public policy. See *Barbara Oil Co. v. Patrick Petroleum Co.*, 1 Kan. App. 2d 437, Syl. ¶ 1, 566 P.2d 389, *rev. denied* 222 Kan. 749 (1977); *Wille v. Southwestern Bell Tel. Co.*, 219 Kan. 755, 757, 549 P.2d 903 (1976).

Satisfaction clauses in contracts are given legal effect by Kansas courts. A contract conditioned on the satisfaction of one party is binding and precludes recovery by the other party when the satisfaction clause is exercised in good faith. *Hollingsworth v. Colthurst*, 78 Kan. 455, 456, 96 Pac. 851 (1908); see *Vandenberg v. Board of Education*, 117 Kan. 48, 51-52, 230 Pac. 321 (1924); *White v. Immenschuh*, 106 Kan. 333, 338, 187 Pac. 667 (1920); *Canaday v. Miller*, 102 Kan. 577, 578, 171 Pac. 651 (1918). Dissatisfaction is not measured objectively, but subjectively.

"Parties to a contract may lawfully stipulate that performance by one of them shall be to the satisfaction of the other. . . . If such a contract be made, the party to be satisfied is the judge of his own satisfaction, subject to the limitation that he must act in good faith. He should fairly and candidly investigate and consider the matter, reach a genuine conclusion, and express the true state of his mind. He can not act arbitrarily or capriciously, or merely feign dissatisfaction." *Hollingsworth*, 78 Kan. at 456-57.

The *Hollingsworth* case involved a contract for the exchange of land. The terms required the parties to furnish satisfactory title. The court held the satisfaction clause allowed the defendant to reject the subject land title based on his own subjective reasons.

The reasonableness for defendant's dissatisfaction is irrelevant unless proof of bad faith is presented. 78 Kan. at 457-58. Because the defendant expressed dissatisfaction with the land title, the *Hollingsworth* court held the plaintiff must show evidence of an improper motive or dishonesty to prevail on a breach of contract claim. 78 Kan. at 457; see also *Vandenberg*, 117 Kan. at 51 (plaintiff may not recover damages for defendant's termination of construction contract contingent upon defendant's approval of a bond for faithful performance of the work without evidence to prove defendant's rejection of the bond was in bad faith).

In *Barbara Oil*, a land contract case conditioned upon the seller's issuance of an acceptable title, this court considered the satisfaction clause a condition precedent to performance of the contract:

" 'A condition precedent is something that it is agreed must happen or be performed before a right can accrue to enforce the main contract. It is one without the performance of which the contract, although in form executed and delivered by the parties, cannot be enforced. A condition precedent requires the performance of some act or the happening of some event after the terms of the contract, including the condition precedent, have been agreed on before the contract shall take effect.' " 1 Kan. App. 2d at 439-40 (quoting *Wallerius v. Hare*, 194 Kan. 408, 412, 399 P.2d 543 [1965]).

The *Barbara Oil* court held the balking party must show the condition actually failed and that such failure was the true reason for not fulfilling the contract in order to escape liability. A claim of dissatisfaction resulting in a refusal to perform must be genuine and grounded in good faith. 1 Kan. App. 2d at 440.

Here, the trial court in essence applied the rules stated above to the contract in question but cited to a Pennsylvania case, *Jenkins Towel Serv. v. Tidewater Oil Co.*, 422 Pa. 601, 223 A.2d 84 (1966). The court in *Jenkins* applied the subjective test for measuring the defendant's dissatisfaction and limited the issue to a question of whether the defendant's rejection was founded in good faith. 422 Pa. at 606.

It is undisputed the contract in question includes a buyer satisfaction clause. The defendants' stated reasons for terminating the contract were based on their dissatisfaction with the results of the inspections. The plaintiffs argue the defendants should have been

satisfied as a matter of law because the items needing repair were completed before closing. However, as stated above, the defendants' dissatisfaction is not measured objectively, but subjectively. The defendants' reasons for not being satisfied are immaterial. We are convinced plaintiffs may only challenge the defendants' motives for terminating the agreement according to the good faith standard.

## Are Material Facts in Dispute?

Plaintiffs allege the defendants acted in bad faith at trial. Plaintiffs argue the defendants' true reasons for terminating the contract were due to the defendants' inability to sell their present home. Plaintiffs further claim the defendants expressed satisfaction with the home subject to the completion of certain repairs following the inspections.

The trial court found the defendants' concerns following the inspections were genuine and in good faith. The court found the plaintiffs failed to come forward with evidence to dispute any material facts in this case.

The good faith of a party exercising the right to terminate a contract under a valid satisfaction clause is a question of fact. A case is not ripe for dismissal when evidence is presented showing the party's dissatisfaction was given in bad faith. *White v. Immenschuh*, 106 Kan. at 338. "Whether or not a contracting party's refusal to perform was because of a genuine and good faith claim that a condition precedent failed is a question for the jury." *Barbara Oil*, 1 Kan. App. 2d at 440.

Here, the parties inserted a contingency clause in the original contract for the defendants' home to be sold before the defendants were obligated to purchase the plaintiffs' home. However, later the parties removed this contingency with a written addendum that the defendants promised to obtain a loan even if they continued to own their present home. The plaintiffs presented evidence showing the defendants continued to own their home after the closing date, a fact uncontroverted by the defendants. Plaintiffs argued the defendants exercised the satisfaction clause as a means to avoid liability under the contract due to the financial burden of

owning two homes. As further support, the plaintiffs filed a sworn affidavit by plaintiff Dianne Hill stating she overheard a conversation between the inspector and defendant William Perrone during the inspection. According to plaintiff Dianne Hill, the inspector told defendant William Perrone that a defect in the chimney "is not a deal breaker."

The determination of good faith requires the trial court to inquire into the defendants' state of mind. The intent of a contracting party is ordinarily a question of fact for the jury and not appropriate for summary judgment. Courts should be cautious when granting summary judgment on issues which necessitate a determination of a party's state of mind. See *Cherryvale Grain Co. v. First State Bank of Edna*, 25 Kan. App. 2d 825, 831, 971 P.2d 1204 (1999).

Viewing the evidence in the light most favorable to the plaintiffs, reasonable minds cannot differ as to the defendants' true motive for terminating this contract. Simply put, there is no evidence of bad faith on behalf of the defendants.

We conclude the trial court did not err in granting the defendants summary judgment.

## Plaintiffs' Attorney Fees

The plaintiffs request this court to overrule the trial court's denial of plaintiffs' motion for attorney fees. The plaintiffs argue the defendants owe them attorney fees for the costs of defending the summary judgment motion because the defendants terminated the contract in bad faith.

In light of our discussion above, this issue has no legal merit.

The judgment of the district court is affirmed.