No. 9461.

SPELTS v. ANDERSON.

1. STATUTE OF FRAUDS—*Debt of Another.*  A promise by one, for himself, to pay for services rendered to another, is an original promise, and binding without writing.

2. *Consideration.*  Services rendered for the benefit of one person, at the request of another, are a sufficient consideration to support the promise of the latter to pay for such services.

*Error to Phillips District Court, Hon. H. P. Burke, Judge.*

Mr. W. D. KELSEY, for plaintiff in error.

Mr. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by W. E. Spelts, hereinafter referred to as the plaintiff, against Manuel Anderson, de-

fendant, to recover upon an alleged oral contract for work and labor in the improvement and repair of certain machinery, and also to recover certain money alleged to have been expended in connection with such work and labor. The cause came on for trial before the court, without a jury, and at the close of the plaintiff's evidence, the court, on motion of the defendant, dismissed the action. The plaintiff brings the cause here for review.

The defendant's motion to dismiss was interposed on the following grounds:

"That there is no contract of employment established between the defendant, Anderson, and the plaintiff, Spelts, and for the further reason that any testimony introduced in the case at this time would simply be tending to establish a contract which is void under our statute of frauds, there being no memorandum in writing."

It appears to have been the theory of the defendant, in interposing the motion, and of the trial court in sustaining it, that the contract, which the evidence for the plaintiff tended to establish, was void under section 2666 R. S. 1908 (sec. 3065 M. A. S. 1912), which, so far as material here, reads as follows:

"In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party charged therewith:

"Second. Every special promise to answer for the debt, default or miscarriage of another person."

The plaintiff, on the other hand, contends that the agreement was not to answer for the debt, default or miscarriage of another, but that it was an original promise, and, therefore, not within the statute of frauds.

Relevant to the theory of the defendant, and to the contention of the plaintiff, the evidence discloses the following facts: Some time in February, 1913, the plaintiff purchased or agreed to purchase certain machinery from one A. M. Axelson. This machinery included one Rumley 36 H. P. engine. The plaintiff's negotiations, leading to the

purchase of the machinery, were carried on both with Axelson and with the defendant Anderson. The engine formerly belonged to the Rumley Products Company, for whom the defendant Anderson was acting as agent. At the time of the negotiations with the plaintiff, the Rumley Company had a mortgage upon the engine. The plaintiff, acting under his contract to purchase the machinery, took possession of the engine, and found the same out of repair.

To establish a contract with the defendant for the improvement and repair of the engine, the plaintiff testified as follows:

"Mr. Anderson employed me to build that engine up. The engine was in bad shape and required a lot of work about it, and he told me to go ahead and do the work and keep track of my time and keep track of the money that I paid out and when I got through with my work to turn it to him and he would pay me my money.   *   *   *

"He asked me what I charged and I told him I charged the customary price, 75 cents an hour.   *   *   *   Well, he says, 'You go ahead, and fix it up, and when you get it done, *   *   *   I will pay you.

"I was tearing the engine down   Mr. Anderson spoke to me about tearing it down.   He says, 'You go ahead and do that work.   *   *   *   About how long is it going to take you to get this engine done.'   I says, 'Mr. Anderson, I will tell you, I don't feel like working on this engine until I know I am going to get my money.'   *   *   *   He says, 'What is the matter?' and I says, 'I will tell you what is the matter.   Mr. Axelson is considered no good, and I will not take him for the work,' and he says, 'go ahead,   *   *   *   I will pay you your money.

*         *         *         *         *         *

"Q.   Did you ever make any contract with any other person in relation to this matter?

A.   No, sir, I never did.

*         *         *         *         *         *

"Q.   Did you have any talk with any other person than Mr. Anderson about where the pay should come from?

A. No, sir, I never asked nobody for anything only Mr. Anderson.

\*          \*          \*          \*          \*          \*

"Q. You never claimed from any other person than Mr. Anderson the pay for the work you performed there?

A. I never did.

Under the plaintiff's evidence, the agreement of the defendant was an original and not a collateral promise. If the promise is made by one in his own name to pay for services done for another, that is original; it is his own contract on good consideration, and is called original, and is binding on him without writing. *Nelson v. Boynton*, 3 Metc. (Mass.) 396, 37 Am. Dec. 148. The circumstances, as shown by plaintiff's evidence, may be considered in this connection. 20 Cyc. 164. Such circumstances, in the instant case, tend to show an original undertaking on the part of the defendant, rather than a guaranty. The plaintiff performed the services on the credit of the defendant, and no credit whatever was extended to any other person.

There is no contention that the defendant's agreement to pay plaintiff for the work and labor upon the engine, was without consideration. If the services of the plaintiff were rendered for the benefit of a third person, at the request of defendant, the defendant's promise to pay plaintiff would be supported by a sufficient consideration. 13 C. J. 325, sec. 164. Likewise if the services were for the benefit of the defendant. 13 C. J. 320, sec. 153. There is evidence that the plaintiff's services were beneficial both to the defendant and to a third party. The defendant was interested in the sale of the engine to plaintiff, and plaintiff testified, in effect, that he would not have purchased the machine unless it was "satisfactory." The agreement to purchase, furthermore, provided that a part of the earnings of the machinery should be set apart for, and paid to, the Rumley Products Company, of whom the defendant was agent.

The contract sued upon was, according to the evidence for the plaintiff, an original undertaking, based upon a valuable consideration moving from the promisee. It was, therefore,

not within the statute of frauds. 20 Cyc. 163; *Tuttle v. Welty*, 46 Colo. 25, 102 Pac. 1069. It was error to sustain the motion to dismiss.

The judgment is reversed, and the cause is remanded for a new trial.

Reversed.

Chief Justice Garrigues and Mr. Justice Bailey concur.