472 P.2d 183 (1970)
Delbert F. CRAMBLIT, d/b/a Hoyle's Market, Plaintiff in Error,
v.
CHATEAU MOTEL, INC., Defendant in Error.
No. 70-203. (Supreme Court No. 23295.)
Colorado Court of Appeals, Div. I.
May 5, 1970.
Moyers & Dunlap, Robert Dunlap, Colorado Springs, for plaintiff in error.
Rector, Kane & Donley, Leo W. Rector, Colorado Springs, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado, and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiff in error, plaintiff below, will be referred to as plaintiff; defendant in error, one of the defendants below, will be referred to as the corporation. Also involved, and referred to by name, are the "Chateau Rendezvous," a restaurant; Mrs. Maxine Reiss, the lessee-operator of the "Chateau Rendezvous;" and Woodson *184 Brown and Randolph Jones, officers of defendant corporation.
The matter on appeal is a judgment against plaintiff in an action to recover $3,055.78 for goods sold and delivered on an open account to Maxine Reiss, proprietress of the "Chateau Rendezvous," which was located in a motel owned and operated by the corporation. Prior to the instant action, Mrs. Reiss became bankrupt, and plaintiff in this action, sought to recover only from the corporation, and from Brown (its president) and Jones (its general manager) as individuals, on the basis of an oral promise, allegedly made by Jones (individually, and as agent of the corporation and of Brown, individually), to guarantee payment of Mrs. Reiss's account with plaintiff. Brown and Jones were subsequently dismissed from the action; and no error is assigned in that regard.
The record shows that Mrs. Reiss leased the "Chateau Rendezvous" from the corporation in 1964having prior thereto been the manager of the motel coffee shop which subsequently became the "Chateau Rendezvous." The lease was a percentage-of-the-gross type, with a variable percentage (depending upon the season of the year) payable as a weekly rent. Sometime after leasing the restaurant, and after discussions with one Hoyle Short, then the proprietor of Hoyle's Market, Mrs. Reiss made arrangements to purchase most of her meat supplies from Hoyle's Market. Short testified that he agreed to supply Mrs. Reiss's needs on an open account, only because of an oral promise from Jones that the corporation would guarantee her account; Jones denied any such promise.
Short later sold Hoyle's Market to plaintiff. Although Mrs. Reiss apparently was current in her payments to the market at the time of sale, plaintiff contended that he also obtained a promise from Jones that the corporation would guarantee Mrs. Reiss's account; and that without such a guarantee, he would have discontinued supplying Mrs. Reiss. Jones also denied this.
Brown, for his part, denied knowledge of the alleged promise, and stated that Jones was without authority to make any such promise. Mrs. Reiss also denied knowledge of the promise, and maintained that she was, and always had been, solely responsible for her own debts. It is undisputed that the alleged promise was not in writing or in written memorandum form.
Upon this evidence, the trial court, making no findings as to whether or not any oral promise was in fact made, concluded that even if one were made, it was (1) collateral and not original; (2) not of such a nature that the leading object or purpose was to serve the personal or beneficial interest of defendant corporation; and (3) therefore, within the statute of frauds and void, since not in writing. Judgment was, accordingly, entered for defendant; and plaintiff's motion for new trial was denied.
Only one of plaintiff's assignments of error need be discussed here, as that issue is dispositive of the case. Plaintiff maintains that the court erred in finding that the corporation's guarantee was "collateral" not "original" and within the Colorado Statute of Frauds.
For purposes of this opinion, we assume, in the absence of any specific findings to the contrary, that the trial court found Jones to have made an oral promise on behalf of the corporation to guarantee the debts of Mrs. Reiss to the plaintiff; and that this promise would otherwise be binding upon the corporation under traditional agency principles, if the Statute of Frauds does not apply.
C.R.S.1963, 59-1-12 provides inter alia,
"(1) (a) In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party charged therewith:
"* * *
"(c) Every special promise to answer for the debt, default or miscarriage of another person;
"* * *"
By this statutory enactment, and with only limited judicially-recognized exceptions, any promise of the nature alleged *185 in the instant case is void unless it, or a memorandum of it, is in writing.
One such exception, and the one upon which plaintiff relies in this case, occurs when the promise made is "original" and not "collateral." A promise is considered original when given for the benefit of the promisor rather than to secure credit for a third party debtor. Numerous Colorado cases so hold; but the leading case appears to be Moon v. Greenlee, 69 Colo. 482, 195 P. 1100, where the court said at page 484, at page 1101 of 195 P. in quoting Nugent v. Wolfe, 111 Pa. 471, 4 A. 15, 56 Am.St.Rep. 291:
"It is difficult, if not impossible, to formulate a rule by which to determine in every case whether a promise relating to the debt or liability of a third person is or is not within the statute; but, as a general rule, when the leading object of the promise or agreement is to become guarantor or surety to the promisee, for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after, or at the time with the promise of the principal, is within the statute, and not binding unless evidenced by writing. On the other hand, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute." (Emphasis added.)
In the instant case, plaintiff sought to show (1) that the corporation's interests would suffer if Mrs. Reiss were unable to obtain meat supplies with which to operate her restaurant from the plaintiff, because her gross revenues would necessarily decrease or cease without any such supplies, in which case the corporation would receive less, or no, rentals on its percentage-of-the-gross lease; (2) that without the corporation's alleged promise, he would have ceased delivery to Mrs. Reiss, thereby bringing about the aforestated chain of events; and (3) that, accordingly, the corporation's interests were served by his continued deliveries, resulting from its promise (through Jones). Plaintiff therefore concluded that the promise was original and enforceable since no longer within the Statute of Frauds.
The trial court, however, found differently, stating in its findings that "[t]he defendant did receive a benefit by the restaurant operation paying rent to Chateau Motel, Inc., but * * * this benefit was not contingent upon plaintiff supplying meats and credit to the restaurant operation * * *". There is ample evidence in the record to justify this finding.
The testimony discloses that Mrs. Reiss had in the past obtained the necessary operating supplies for her restaurant from other sources. There is no evidence that she could not have obtained supplies from other sources at the time that the alleged promise was madewhen plaintiff took over Hoyle's Marketand that, therefore, in order for the "Chateau Rendezvous" to continue operation, and hence pay rental, it was essential for the corporation to guarantee her account with plaintiff.
Although there is some evidence that the corporation's interests would be benefited through continued payment of the percentage-of-the-gross rental and through the success of the "Chateau Rendezvous," there is no evidence in the record that this benefit was the leading object of its alleged promise to guarantee Mrs. Reiss's debts. The trial court's determination that the guarantee, if made, was not an "original" promise will not be disturbed by this Court.
Judgment is affirmed.
SILVERSTEIN, C.J., and COYTE, J., concur.