513 P.2d 244 (1973)
ROACH AIRCRAFT, INC., a Colorado corporation, Plaintiff,
v.
Donald L. SABLE, Defendant and Third-Party Plaintiff-Appellee,
v.
The COLORADO NATIONAL BANK OF DENVER, a national banking association, Third-Party Defendant-Appellant.
No. 72-157.
Colorado Court of Appeals, Div. I.
June 5, 1973.
Rehearing Denied June 26, 1973.
*245 J. V. Condon, Aurora, for defendant and third-party plaintiff-appellee.
Hodges, Kerwin, Otten & Weeks, Randall Weeks, Joseph G. Hodges, Jr., Denver, for third-party defendant-appellant.
Not Selected for Official Publication.
SMITH, Judge.
The Colorado National Bank of Denver appeals from a judgment against it and in favor of Donald L. Sable. The action from which this judgment resulted was initiated *246 when Roach Aircraft, Inc., filed a complaint against Sable. Mr. Sable then filed a third-party complaint against the bank. After a trial to the court the judgment at issue in this appeal, and a judgment against Sable in favor of Roach Aircraft on the original complaint were entered. Sable did not appeal from the judgment against him.
The record discloses that Sable purchased an airplane from Roach Aircraft and in payment therefor executed a promissory note payable to Roach Aircraft in the amount of $6,811.20. Roach Aircraft indorsed the note to Colorado National Bank and entered into a full recourse agreement with the bank. Thereafter, the airplane was extensively damaged. Certain meetings and various negotiations then occurred between a loan officer of the bank, Sable, and a representative of an organization known as Arapahoe Flyers, Inc. As a result of these negotiations, the bank agreed to release Sable from his obligation on his note and accept a promissory note from Arapahoe Flyers in its place for an amount of $3,768.84 if Sable would deliver to the bank the anticipated settlement check of $1,930 from his insurance company. The sum of these two figures represented the then total unpaid balance of the original note. At the last of such meetings the bank prepared the new note which was executed by Arapahoe Flyers and accepted by the bank. There was no obstacle to the negotiability of the note.
A period of approximately 90 days elapsed before Sable settled with his insurance company and tendered the check to the bank. During this period of time, Arapahoe Flyers obtained verbal assurance from the bank's loan officer that it could take possession of the airplane salvage. Later, before Sable tendered the insurance check, the bank obtained information which led it to believe that Arapahoe Flyers was involvent. Thus, when Sable indorsed and tendered the insurance check to the bank, the bank, although it accepted the check, refused to cancel Sable's note and thereby repudiated the earlier agreement. Sable, thereafter, refused to make further payments on the note. The bank, after consultation with Roach Aircraft, applied the amount of the insurance check to the amount due on the note and made demand for the balance from Roach Aircraft on the basis of the full recourse agreement. Roach Aircraft then took possession of the wreckage from Arapahoe Flyers and disposed of it, crediting the net proceeds of $905 against the balance paid to the bank of $3,109.65. Roach Aircraft then initiated the present action against Sable on the original promissory note for $2,204.65.
Both judgments, one in favor of Roach Aircraft and against Sable on the initial complaint and the other in favor of Sable and against the bank on the third-party complaint, were in the amount of $2,204.65 damages; $330.68 for attorney fees, as provided for in the note; and $198.40 interest plus costs.
The bank complains that the court erred by making inconsistent findings to support the two judgments and that the court erred in determining that a novation had occurred. The bank argues that if a novation occurred, Sable could not be held liable to Roach Aircraft. The bank correctly cites Richardson Drug Co. v. Dunagan, 8 Colo.App. 308, 46 P. 227, for the proposition that a novation occurs only where a previous valid obligation is extinguished by a new valid obligation which substitutes for the original debtor a new debtor and which is executed with the consent of the new debtor, the old debtor and the creditor. The evidence demonstrates, as the bank correctly asserts, that Sable was never in fact formally released from his obligation under the original note. Although the trial court may have incorrectly used the term "novation", the evidence clearly supports the court's conclusion that a contract was entered into between the bank, Sable, and Arapahoe Flyers which contract, although not a "novation," required the bank to release Sable from his obligation under the note upon tender of the insurance check. Since the contract *247 had no conditions pertaining to the note taken from Arapahoe Flyers, the court found that the bank breached that contract by refusing to perform after Sable tendered the check. Hence, Sable remained liable on the original note, but the bank became liable to him for breach of its contract to release him from the note. The evidence supports the findings of the trial court, and we find no error of law in the result reached.
The bank also contends that the court erred in awarding attorney fees as a part of its judgment against the bank. A trial court has no authority to award attorney fees to a successful party unless there is express authorization by statute or contract. Publix Cab Co. v. Colorado National Bank, 139 Colo. 205, 338 P.2d 702. This rule, however, has not been violated in the present case. The bank was liable to Sable for damages he incurred as a result of the bank's breach of the contract to release him from liability under the note. There can be no question that Roach Aircraft was entitled to an award of attorney fees as the note expressly authorized such an award. The total judgment against Sable became the measure of his damages and determined the liability of the bank under the contract, and Sable was allowed to amend his prayer for relief in his third-party complaint to so reflect.
The bank argues that it was error for the court to deny its motion to dismiss the third-party complaint and to allow the third-party complaint's prayer for relief to be amended. The bank correctly observes, however, that every final judgment should grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. C.R.C.P. 54(c). The action of the trial court in allowing the prayer for relief to be amended and in making the award in favor of Sable was proper.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.