IDEALCO, INC., a Colorado corporation, Plaintiff–Appellee,

v.

Donald GUNNIN, Defendant–Appellant.

No. 85CA1567.

Colorado Court of Appeals,
Div. I.

Oct. 15, 1987.

Klingsmith & Associates, P.C., Phil Klingsmith, Janna L. Remington, Gunnison, for plaintiff-appellee.

Cosgriff, Dunn & Berry, Timothy H. Berry, Leadville, for defendant-appellant.

ENOCH, Chief Judge.

Donald Gunnin appeals from a judgment holding him liable on an oral promise to answer for a debt on which another was already liable. The issue on appeal is whether Gunnin's promise was "original" or "collateral." We affirm.

This case arose out of a contract under which plaintiff (Idealco) provided linen and laundry services on account to Ptarmigan Mountain Properties, Inc. (PMP). PMP was in the business of managing resort condominiums. The lack of snow during the 1981–82 ski season dealt a severe financial blow to PMP; as a result, PMP fell behind on its account with Idealco.

Gunnin was in charge of managing PMP's day-to-day business, and it was through Gunnin that PMP conducted most of its business with Idealco. Gunnin was also a director, officer, and a 40% stockholder of PMP.

In February 1982, Gunnin met with a representative of Idealco about PMP's ac-count. The trial court found that, at that meeting, Gunnin gave Idealco his personal guarantee on the debt. Idealco continued to provide laundry and linen services for the remainder of the ski season, but would not have done so absent the personal assurance from Gunnin. PMP failed to pay its account, has filed bankruptcy, and is no longer a party in this case.

The trial court pierced the corporate veil and held Gunnin personally liable for $35,518.59 plus interest. We decline to reach the issue whether the trial court erred in piercing the corporate veil because we find Gunnin's personal assurance of payment to be an enforceable promise.

Section 38–10–112(1)(b), C.R.S. (1982 Repl.Vol. 16A) provides that a promise to pay the debt of another is void unless the agreement, or some note or memorandum thereof, is in writing. However, the statute does not bar the enforcement of an oral promise that is "original" and not "collateral." *Cramblit v. Chateau Motel, Inc.,* 28 Colo.App. 213, 472 P.2d 183 (1970). A promise is collateral if the leading object of the promise is to become a surety or guarantor on the debt of another; a promise is original when the performance of the agreement directly benefits the promisor. *Cramblit, supra.* See *Rosedale Marketing Corp. v. Consolidated Collection Co.,* 481 P.2d 431 (Colo.App.1970) (not selected for official publication). However, the promise will only be enforced if the accrual of the benefit to the promisor is contingent upon performance by the promisee. *Cramblit, supra.*

In this case the evidence shows that Gunnin had an immediate pecuniary interest in Idealco's continued performance. Gunnin, as employee and shareholder, had a financial interest in PMP; PMP, in turn, was in need of Idealco's services. Also, any benefit accruing to Gunnin was contingent upon continued performance by Idealco. The trial court found that: "[I]t would have been financially prohibitive, if not impossible, for PMP to have received, elsewhere, the linen services it needed...." *Cf. Cramblit, supra.* Accordingly, the promise was enforceable.

Relying on *Masinton v. Dean,* 659 P.2d 50 (Colo.App.1982), Gunnin claims that his oral promise cannot be enforced absent a showing that Idealco's performance was consistent with no theory other than the existence of the oral agreement. We do not address this claim because *Masinton* concerned an exception to the statute of frauds as applied to a promise within the statute; the promise in this case, an original promise, was not within purview of the statute.

Judgment affirmed.

VAN CISE and METZGER, JJ., concur.