**MOFFAT COUNTY STATE BANK, a Colorado corporation, Plaintiff–Appellee,**

v.

**Thomas N. TOLD and Mollie M. Told, Defendants–Appellants.**

**No. 87CA1883.**

Colorado Court of Appeals, Div. III.

Feb. 16, 1989.

As Modified on Denial of Rehearing March 23, 1989.

Certiorari Granted Sept. 5, 1989.

**12**

Anthony T. Accetta and Associates, P.C., Anthony T. Accetta and Lee A. Applegate, Denver, for plaintiff-appellee.

Calkins, Kramer, Grimshaw & Harring, Kim J. Seter, Charles E. Norton and Richard Harring, Denver, for defendants-appellants.

NEY, Judge.

Plaintiff, Moffat County State Bank, instituted this action to recover $100,000 allegedly owed by defendants, Thomas N. Told and Mollie M. Told, under a written guaranty agreement. Defendants appeal from the summary judgment entered in favor of the Bank. We reverse and remand.

Mollie Told and Orin Farnsworth were joint owners of a pharmacy which they sold to a third party in 1980. At the time of the sale and as part of the transaction, the Tolds and Farnsworth each executed guaranty agreements for payment of up to $100,000 of the pharmacy's then existing indebtedness to the Bank.

In 1982, the pharmacy became insolvent, and the Bank sought payment from the Tolds and Farnsworth pursuant to the guaranty agreements. As a result, in January 1983, Farnsworth executed a promissory note payable to the Bank in the amount of $200,000. When Farnsworth subsequently declared bankruptcy, the Bank sought payment of the pharmacy's remaining indebtedness from the Tolds pursuant to their guaranty. The Tolds refused to pay, contending that the Bank and Farnsworth had orally agreed that the Bank would discharge the Tolds' and Farnsworth's obligation under their guaranty agreements in return for Farnsworth's $200,000 promissory note.

In granting summary judgment for the Bank, the trial court ruled that the alleged agreement between Farnsworth and the Bank was an attempted oral modification of the Tolds' guaranty which was unenforceable under the statute of frauds.

The defendants contend the trial court erred in granting summary judgment. We agree.

A promise to act as a guarantor or surety of a debt for which an original debtor continues to be primarily liable is a collateral agreement which, under the statute of frauds, must be evidenced by a writing to be enforceable. Section 38–10–112(1)(b), C.R.S. (1982 Repl.Vol. 16A). Similarly, an agreement to alter or modify the terms of a written guaranty is a collateral undertaking to which the statute of frauds applies. *See Harvey v. Morey*, 22 Colo. 412, 45 P. 383 (1896). Such an agreement, however, differs from a novation, which is a new agreement accepted by a creditor in discharge of and in substitution for a previous valid obligation. *Lampley v. Celebrity Homes, Inc.*, 42 Colo.App. 359, 594 P.2d 605 (1979). Since the previous obligation is extinguished by a novation, the substituted agreement is original rather than collateral and, therefore, not within the purview of the statute of frauds. 3 S. Williston, *Contracts* § 477 (3d ed. 1960).

Whether the parties to a transaction intended to effect a novation is ordinarily a question of fact to be determined from the conduct of the parties and the particular circumstances of each case. *Lomax v. Colorado National Bank*, 46 Colo. 229, 104 P. 85 (1909); *see Clayton Coal Co. v. King*, 108 Colo. 63, 113 P.2d 672 (1941).

Here, there is a material disputed issue of fact regarding the existence and the nature of the alleged oral agreement between the Bank and Farnsworth. Farnsworth testified in his deposition that he told the Bank the note was intended to "take care of the Tolds." He stated that the defendants' liability to the Bank was specifically discussed and that the Bank understood the note was tendered "for the full guaranties, both guaranties." The Bank, however, stated that it did not agree to accept the Farnsworth note in satisfaction of the defendants' guaranty.

Because a factual dispute exists as to the parties' intent, the trial court erred in granting summary judgment. *See Gulf In-*

*surance Co. v. State,* 43 Colo.App. 360, 607 P.2d 1016 (1979).

Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

KELLY, C.J., and FISCHBACH, J., concur.