**MOFFAT COUNTY STATE BANK, Petitioner,**

v.

**Thomas N. TOLD and Mollie M. Told, Respondents.**

**No. 89SC209.**

Supreme Court of Colorado, En Banc.

Nov. 19, 1990.

Anthony T. Accetta & Associates, P.C., Anthony T. Accetta, Lee A. Applegate, Denver, for petitioner.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Randall M. Livingston, Denver, for respondents.

Justice VOLLACK delivered the Opinion of the Court.

Moffat County State Bank (the Bank) brought this action against Thomas and Mollie Told (the Tolds) to obtain a judgment against the Tolds for their failure to honor a $100,000 loan guaranty agreement. The Tolds defended on the ground that their liability on the loan guaranty was discharged by Orin Farnsworth's (Farnsworth) oral agreement with the Bank that he would assume the Tolds' obligation. The Moffat County District Court granted summary judgment for the Bank. The court of appeals reversed the district court's summary judgment order, and held that there were disputed issues of material fact with regard to the existence and the nature of the alleged oral agreement between the Bank and Farnsworth, and with regard to the parties' intent to effect a novation. *Moffat County State Bank v. Told,* 780 P.2d 11 (Colo.App.1989). We affirm the judgment of the court of appeals.

## I.

On October 13, 1980, Mollie Told and Orin Farnsworth, joint owners of Cowan's Drug, Inc. (Cowan's Drug), entered into an agreement to sell Cowan's Drug to Ronald Batt (Batt). As part of the sale, the Tolds executed a loan guaranty agreement in which the Tolds guaranteed payment to the Bank of obligations of up to $100,000 undertaken by Cowan's Drug. Farnsworth executed an identical loan guaranty. In reliance on the loan guaranties the Bank loaned Batt $450,061.31.

On January 14, 1981, the Bank extended a letter of credit to Cowan's Drug for $3,600, and on March 5, 1981, the Bank extended an additional $60,000 loan to Cowan's Drug. On October 29, 1982, Cowan's Drug defaulted on its loans and the Bank initiated liquidation proceedings. As part of the liquidation proceedings, the Bank sent the Tolds a written notice informing them that a private sale of Cowan's Drug's collateral and accounts receivable would be held after November 8, 1982. On November 30, 1982, the Bank loaned Cowan's Drug an additional $10,000 in the form of payments to cover overdrafts. On December 6, 1982, the Bank informed the Tolds of the upcoming sale of the Batts' private residence and some additional property. The Tolds did not object to these sales and the resulting proceeds were credited to Cowan's Drug's outstanding debt, resulting in a deficiency of $379,535.19.

On January 6, 1983, Farnsworth executed a $200,000 promissory note in favor of the Bank. The note stated on its face that it was for "business—rewrite notes." The Bank applied the $200,000 note to Cowan's Drug's debt. On July 31, 1983, the Bank made demand on Batt for payment on the remaining deficiency. Batt refused to pay and subsequently declared bankruptcy. In March 1984, the Bank made demand on the Tolds for payment of the promissory notes according to the terms of their loan guaranty agreement. The Tolds refused the Bank's request for payment of the loan guaranty. In June 1984, the Bank renewed and extended Farnsworth's $200,000 promissory note. Farnsworth made payments

on the note, but later stopped making payments and declared bankruptcy. A balance of $49,108.33 in principal and $33,632.71 in interest remained unpaid on the note. The Bank brought this action in June 1985, alleging that the Tolds had failed to perform under their loan guaranty agreement.

The Tolds argued that the discharge of the guaranty by Farnsworth's oral agreement with the Bank at the time of execution of the $200,000 note relieved them of liability. Farnsworth stated in his deposition that at the time he executed the note, he told Larry Fredrick, president of the Bank, that the note was for his guaranty and the Tolds' guaranty.[1] Mollie Told stated in her deposition that she thought the note was "payment of the loan or a payment of the guarantee." Thomas Told stated in his deposition that the "Bank assumed that Mr. Farnsworth was my agent, so I assumed through Mr. Farnsworth that I would be released from paying the debt." Larry Fredrick denied accepting the $200,000 note in satisfaction of the guaranties. He claimed in his deposition that he made it clear to Farnsworth that the note applied only to Farnsworth's separate obligations and did not release or discharge the Tolds from liability on their guaranty.

The Bank moved for summary judgment and argued that the oral agreement between Farnsworth and the Bank was an attempted modification of a written agreement, and therefore was void under the Statute of Frauds. The district court granted the Bank's motion for summary judgment, and held that a modification of an agreement originally within the Statute of Frauds must itself comply with the Statute of Frauds. According to the district court, the oral agreement between Farnsworth and the Bank could not, as a matter of law, release the Tolds from their obligation. The court of appeals reversed the district court's summary judgment order,

and held that there were disputed issues of material fact with regard to the existence and the nature of the alleged oral agreement between the Bank and Farnsworth, and with regard to the parties' intent to effect a novation.

## II.

The Bank argues that the Statute of Frauds barred proof of the oral agreement, and rendered any oral modification of the written guaranty void and unenforceable. We disagree and hold that the Statute of Frauds does not bar proof of an oral agreement intended to constitute a novation.

## A.

Subsection 38–10–112(1)(b), 16A C.R.S. (1982), of the Statute of Frauds, § 38–10–112, provides that "every special promise to answer for the debt, default, or miscarriage of another person" is void unless in writing and signed by the person so charged. The purpose of this section of the statute is to protect third parties from fraudulently being held to answer as a surety for another party's debt. *See Walker v. Bruce*, 44 Colo. 109, 117, 97 P. 250, 252 (1908). The statute does not bar enforcement of an oral promise that is "original," but it does require "collateral" promises to be in writing. *Idealco, Inc. v. Gunnin*, 746 P.2d 69, 70 (Colo.App.1987); *Cramblit v. Chateau Motel, Inc.*, 28 Colo. App. 213, 217, 472 P.2d 183, 185 (1970). A promise is collateral if the leading object of the promise is to become a surety or guarantor for the debt of another. *Idealco*, 746 P.2d at 70. An unconditional promise to pay the debt of another is an original promise and is not within the Statute of Frauds. *See Spelts v. Anderson*, 67 Colo. 63, 65, 185 P. 468, 469 (1919); *Tuttle v. Welty*, 46 Colo. 25, 28, 102 P. 1069, 1070 (1909).

---

1. Farnsworth stated in his deposition:

   I told Larry Fredricks [sic] I would rather pay all of the $200,000, period, than go back in the drug store. He said, You would do that for the Tolds? I said yes.... Yes, because he said, Can we go up and see them, since you're

going to put the full 200 in. That's right. And so he knew that. He knew it was for the full guarantees, both guarantees. He knew it. He knew it when he said it. I went in and signed a note. And he knew it because he had said it before.

The extinguishment of an old contract by the substitution of a new contract or obligation is an original promise known as a novation. A contract of novation has four requisites: a previous valid obligation, an agreement between the parties to abide by the new contract, a valid new contract, and the extinguishment of the old obligation by the substitution of the new one. 15 S. Williston on Contracts § 1869 (3d ed.1972) [hereinafter Williston]; see also Lampley v. Celebrity Homes, 42 Colo.App. 359, 362, 594 P.2d 605, 606 (1979); Roach Aircraft, Inc. v. Sable, 513 P.2d 244, 246 (Colo.App.1973); see also Elliott v. Whitney, 215 Kan. 256, 259, 524 P.2d 699, 703 (1974); Davenport v. Dickson, 211 Kan. 306, 309, 507 P.2d 301, 305 (1973). The pre-existing obligation must be extinguished or there is not a novation. A mere modification will not suffice; anything remaining of the original obligation prevents a novation. Richardson Drug Co. v. Dunagan, 8 Colo.App. 308, 314, 46 P. 227, 231 (1896).

An essential element of novation is that there must be a release of all claims of liability against the original debtor on the old obligation. Davenport, 211 Kan. at 311, 507 P.2d at 305. A creditor's acceptance of a note of a third party who becomes obligated to pay the debt owed by the debtor is not of itself evidence of an agreement to discharge the debtor from his obligation. Id. at 312, 507 P.2d at 306. The parties must have intended the note to discharge the debtor in order to effect a novation. In Elliott, 215 Kan. at 259, 524 P.2d at 703, the Kansas Supreme Court noted the following regarding the intent to effect a novation:

"While ... the intention to accomplish a novation need not be by express agreement to that effect, but may be inferred, like any other contract, from the facts, circumstances, and conduct of the parties, in order for a subsequent contract to constitute a novation and discharge of a prior one by implied intention of the parties, ordinarily it must appear that the new contract is so radically different from the old one that it necessarily supersedes it as an entirety."

(quoting 66 C.J.S. Novation § 11b.(1), pp. 692–93). Lack of the requisite intent inhibits the creation of a novation. United Bank of Lakewood v. Jefferson Indus. Bank, 791 P.2d 1250, 1253 (Colo.App.1990). "Whether there has been a novation is ordinarily a question of fact[,]" and proof of a novation "may be established by evidence of an express understanding to this effect or by circumstances showing such assent." Williston § 1873B.

### B.

The issue presented here is whether the oral agreement between Farnsworth and the Bank constituted an original promise outside of the Statute of Frauds or a special promise subject to the Statute of Frauds. The deposition testimony of Farnsworth and the Tolds indicated that the oral agreement was intended to be an original promise. The Bank's application of Farnsworth's promissory note exclusively to Cowan's Drug's debt lends credence to the idea that the oral agreement was intended to effect a novation. If the parties intended to effect a novation, then the Statute of Frauds would be inapplicable. Williston § 1869; see also Lampley, 42 Colo.App. at 362, 594 P.2d 605; Roach Aircraft, 513 P.2d at 246. The Bank contends that the promissory note was given as additional collateral to secure Farnsworth's pre-existing debts. The Bank claims that it never intended to enter into a novation agreement and that lack of the requisite intent inhibits the formation of a contract of novation. United Bank of Lakewood, 791 P.2d at 1253. The Bank argues that in the absence of a novation, the Statute of Frauds bars proof of any oral agreement to release or discharge the Tolds.

The district court accepted the Bank's argument that the Statute of Frauds barred proof of any oral agreement. By accepting the Bank's argument, the district court found it unnecessary to determine whether an oral agreement existed or the scope of such an agreement. The record contains conflicting evidence concerning whether the oral agreement entered into by Farnsworth and the Bank was intended to release or discharge the Tolds. In review-

ing the Bank's motion for summary judgment, we must examine the facts in the light most favorable to the Tolds and resolve any doubts in their favor. *Mt. Emmons Mining Co. v. Town of Crested Butte,* 690 P.2d 231 (Colo.1984). Applying this standard to the facts presented here, we conclude that the conflicting evidence in the record presents genuine issues of material fact and renders summary judgment inappropriate in this case. *Neves v. Potter,* 769 P.2d 1047, 1055 (Colo.1989); *Churchey v. Adolph Coors Co.,* 759 P.2d 1336, 1340 (Colo.1988). The drastic nature of summary judgment makes it inappropriate even in cases where it is doubtful that a genuine issue of fact exists. *Abrahamsen v. Mountain States Tel. & Tel. Co.,* 177 Colo. 422, 428, 494 P.2d 1287, 1290 (1972). We hold that there are genuine issues of material fact present in this case and that the Bank was not entitled to summary judgment as a matter of law.

Accordingly, we affirm the judgment of the court of appeals and return the case to that court with instructions to remand the case to the trial court.