**Barbara R. MANKA,
Plaintiff-Appellant,**

v.

**John J. TIPTON, and The Department of Revenue, State of Colorado, Defendants-Appellees.**

**No. 89CA1995.**

Colorado Court of Appeals,
Div. III.

Jan. 31, 1991.

Barbara R. Manka, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Antony B. Dyl, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge RULAND.

Plaintiff, Barbara R. Manka, appeals from a summary judgment entered in favor of defendants, John J. Tipton and the Colorado Department of Revenue. The judgment affirmed the Department's determination that Manka owed Colorado income tax and awarded the Department attorney fees. We reverse the judgment and remand for further proceedings.

Based upon information produced by Manka in discovery, the record reflects that in 1981, 1982, and 1983, Manka was employed by the United States Postal Service and earned $23,665, $24,413, and $25,907,

respectively, while living in Colorado. Manka did not file Colorado income tax returns for those tax years.

An administrative hearing was held and the Department made a final determination that Manka owed $4,610.52 for taxes, penalties, and interest. This determination was appealed by Manka to the district court for a *de novo* review pursuant to § 39–21–105(2)(b), C.R.S. (1982 Repl.Vol. 16B), and the court entered summary judgment affirming the Department's ruling and awarded the Department attorney fees.

## I.

■ Manka asserts that numerous genuine, material issues of fact appear from the conflicting affidavits and documents filed by the parties in connection with the Department's motion and that, therefore, entry of summary judgment was improper. We agree.

Any doubt as to the existence of disputed fact issues must be resolved in favor of Manka. *See Moffat County State Bank v. Told*, 800 P.2d 1320 (Colo.1990).

Here, none of the documents produced and relied upon by the Department are certified. *See* C.R.C.P. 56(e). Even if we assume that this deficiency is resolved by information contained in Manka's complaint and trial brief, the documents and conflicting affidavits, nevertheless, raise other material issues of fact.

First, the tax supervisor's second affidavit states that "my office" determined the correct amount of tax. No further explanation is provided as to how the calculation was made. Manka's affidavit, on the other hand, denies that the calculation is correct. And, the W–2 form produced by Manka for 1981 reflects that certain state taxes were withheld, but the alleged notice of deficiency for the same year does not appear to credit Manka for the withheld amount. Hence, the record reflects a disputed issue of fact as to the accuracy of the amount of tax claimed by the Department.

Next, the notices of deficiency for each of the years in question reflect that the documents were issued based upon information obtained from the Internal Revenue Service. Specifically, the notices state that adjustments were made to Manka's federal income tax returns. However, the hearing officer's decision reflects that no federal tax returns were filed. Manka's affidavit states that she has no federal tax liability. And, the state returns allegedly filed on Manka's behalf by the Department pursuant to § 39–22–602, C.R.S. (1982 Repl.Vol. 16B) are undated. Thus, the record reflects a material issue of fact as to whether the notices were validly issued pursuant to § 39–21–103(1), C.R.S. (1982 Repl.Vol. 16B).

Because of our resolution of the foregoing issues, we do not address Manka's other arguments regarding the disputed issues of material fact.

## II.

Other issues resolved by the trial court's judgment are challenged by Manka and, thus, we address them here.

### A.

■ Manka asserts that the Department is without legal authority to assess taxes against her because the executive director failed to take and file an oath of office with the Secretary of State, prior to assuming the duties of office. We conclude that this argument is without merit.

Our supreme court's decision in *Hedstrom v. Motor Vehicle Division*, 662 P.2d 173 (Colo.1983) is dispositive. There, the court held that the executive director of the Department of Revenue was not required to take an oath.

### B.

■ Next, Manka contends that the executive director improperly delegated exclusive powers to the deputy director to conduct the administrative hearing. We disagree.

Pursuant to § 39–21–112(5), C.R.S. (1982 Repl.Vol. 16B), the executive director is authorized to appoint and prescribe the duties of persons necessary to the performance of the duties of that office. Further-

more, § 24–35–108(1)(h), C.R.S. (1988 Repl. Vol. 10A) permits the executive director to authorize the deputy director to act on his behalf.

Here, the executive director in a signed affidavit stated that the deputy was specifically authorized to hold an administrative hearing in Manka's case. Thus, contrary to Manka's contention, the deputy had the requisite authority to conduct Manka's hearing.

### C.

 Manka also contends that even if the deputy could conduct the hearing, the deputy could not also investigate her alleged tax deficiency. We find no merit in this contention.

The combination of investigative and adjudicative functions in the deputy does not, standing alone, constitute a due process violation. *See Leonard v. Board of Directors,* 673 P.2d 1019 (Colo.App. 1983); *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).

Manka did not allege any facts appearing in the record before us, to indicate that the deputy was involved in the investigation conducted by the tax supervisor's office. Thus, we must presume that the deputy acted without bias or prejudice. *See Leonard v. Board of Directors, supra.*

### D.

Manka argues that, because no appointment certificates exist for the deputy in accordance with § 24–2–102(1), C.R.S. (1988 Repl.Vol. 10A), the deputy's appointment is invalid. However, that section controls the procedure for the appointment of officers, assistants, and employees in administrative departments, "[e]xcept as otherwise provided by law."

Here, there is a specific provision governing appointments within the Department of Revenue. *See* § 24–35–103, C.R.S. (1988 Repl.Vol. 10A). That section does not require that appointment certificates be issued.

### III.

Manka asserts that the executive director was not authorized to "file" a return on her behalf since the applicable statute uses the language "make" and not "file." And, since an assessment can only occur based upon the "filing" of a return, Manka argues that there was no valid assessment by the defendant. We find no merit to this argument.

Section 39–22–602, C.R.S. (1982 Repl.Vol. 16B), provides that if the taxpayer fails to "make" a return then the executive director may "make" a return based upon available information. The statute further provides that any assessment based on the return made by the executive director, "shall be as good and sufficient as if such return had been made and filed by the person liable therefor." Hence, the making of the return is sufficient to serve as the basis for an assessment.

The summary judgment is reversed, and the cause is remanded for further proceedings in the trial court consistent with the views expressed in this opinion.

METZGER and NEY, JJ., concur.