In re M & L BUSINESS MACHINE CO., INC., Debtor.

AMAZING ENTERPRISES, et al., Plaintiffs–Appellees,

v.

Christine J. JOBIN, Trustee for the estate of M & L Business Machine Co., Inc., Defendant–Appellant.

Civ. A. No. 92–K–286.

United States District Court, D. Colorado.

Nov. 10, 1993.

Craig Weinberg and Andrew Littman, Stevens, Littman, & Biddison, Boulder, CO, for plaintiff.

Christine Jobin and Dana Arvin, The Jobin Law Firm, P.C., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an appeal from the bankruptcy court's order granting summary judgment in favor of Plaintiffs–Appellees in their action for a declaratory judgment against Christine J. Jobin, trustee for the estate of the debtor, M & L Business Machine Co., Inc. ("Trustee"). The Trustee argues that the bankruptcy court erred in holding that she lacked standing to pursue certain claims against non-debtor third parties and that those claims were properly asserted by Plaintiffs–Appellees in two state court lawsuits. I affirm for the reasons stated by the bankruptcy court in its well-reasoned opinion. *See Amazing Enterprises v. Jobin (In re M & L Business Machines Co.)*, 136 B.R. 271 (Bankr.D.Colo.1992).

In its decision below, the bankruptcy court undertook a thorough review of case law addressing a bankruptcy trustee's standing to bring claims on behalf of creditors against third parties, and I concur with its analysis. I agree, as have a majority of courts, that the Supreme Court's decision in *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972), is still good law. *See, e.g., Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir.1991); *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 985–987 (11th Cir.1990); *DSQ Property Co. v. DeLorean*, 891 F.2d 128, 130–31 (6th Cir.1989); *Williams v. California 1st Bank*, 859 F.2d 664, 666 (9th Cir.1988); *Mixon v. Anderson (In re Ozark Restaurant Equip. Co.)*, 816 F.2d 1222, 1224–30 (8th Cir.), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 62 n. 4 (2d Cir.1985); *Feltman v. Prudential Bache Secs.*, 122 B.R. 466, 471–73 (S.D.Fla.1990).

Despite the Court's suggestion in *Caplin* that Congress enlarge the powers of bankruptcy trustee, *see* 406 U.S. at 434–35, 92 S.Ct. at 1688, Congress has not amended the Bankruptcy Code to provide that a bankruptcy trustee has standing to assert creditor claims against third parties. *See In re Ozark Restaurant Equip. Co.*, 816 F.2d at 1227–28 (discussing Congress' rejection of an amendment to § 544 which would have empowered bankruptcy trustees in certain circumstances to bring creditor claims). Furthermore, the Trustee has failed to demonstrate that the claims asserted by Plaintiffs–Appellees in state court otherwise belong to the estate. *See Shearson Lehman Hutton, Inc.*, 944 F.2d at 119 (trustee may assert only claims that belonged to debtor corporation pre-bankruptcy). Accordingly, the judgment of the bankruptcy court is AFFIRMED.

## JUDGMENT

Pursuant to and in accordance with the Memorandum Opinion and Order entered by the Honorable John L. Kane, Judge, on November 10, 1993 it is hereby

ORDERED that the judgment of the bankruptcy court is affirmed.

DATED at Denver, Colorado this 12th day of November, 1993.