873 P.2d 41 (1994)
The PEOPLE of the State of Colorado, In the Interest of C.C.G., a Child,
Upon the petition of the Denver Department of Social Services, Petitioner-Appellee,
and Concerning M.J.G., n/k/a M.J.M., Respondent-Appellant.
No. 93CA0303.
Colorado Court of Appeals, Div. I.
March 10, 1994.
*42 Allen B. Alderman, Denver, Guardian Ad Litem.
Daniel E. Muse, City Atty., Dolores Martinez-Hernandez, Asst. City Atty., Arthur S. Lucero, Asst. City Atty., Denver, for petitioner-appellee.
Judith M. Firestone, Denver, for respondent-appellant.
Opinion by Judge BRIGGS.
In this dependency and neglect proceeding, respondent mother, M.J.G., appeals the juvenile court's summary judgment adjudicating her minor daughter, C.C.G., dependent and neglected as to her. We reverse.

I.
In support of its motion for summary judgment, the petitioner, Denver Department of Social Services (Department), offered three affidavits.
To support its claim that the nine-year-old child was dependent and neglected under § 19-3-102(1)(f), C.R.S. (1993 Cum.Supp.), the Department offered an affidavit by an intake worker with the Department stating that the child on May 12, 1992, had refused to go home.
To support its claim that the child was dependent and neglected under § 19-3-102(1)(b), (c) or (d), C.R.S. (1993 Cum.Supp.) the Department offered two affidavits, the first by a physician who had examined the child on June 3, 1991, and found a vaginal opening of 5 mm. The second affidavit stated that on May 12, 1992, the child was again examined and found to have a vaginal opening of 8 mm.
In response to the claim under § 19-3-102(1)(f), the mother offered records of the intake worker. These indicated that the child had refused to return home on May 12, but that by May 18, 1992, the child "would *43 consider living part-time with Dad and part-time with Mom." Further, in her affidavit opposing the motion, the mother stated that the child had been referred to the Department in the previous year. At that time, the child had also made statements refusing to return home to her mother. However, once the Department determined no justifiable reason existed to retain the child, she did return home. Department records verified the occurrence of the incident the prior year.
Other Department records submitted in opposition to the claims under § 19-3-102(1)(b), (c), and (d) confirmed that the child had expressed fear of going home and had claimed she was abused. However, the records indicated that the child later had admitted she was being dishonest. In addition, the mother's affidavit indicated that the child had made many other statements that were not true.
The juvenile court granted summary judgment pursuant to § 19-3-102(1)(f), finding the child's refusal to return home established there was no genuine issue as to whether the child was beyond the control of the mother. This appeal followed.

II.
Summary judgment is applicable to proceedings in dependency and neglect. People in Interest of S.B., 742 P.2d 935 (Colo. App.1987). However, it is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact. Ridgeway v. Kiowa School District, 794 P.2d 1020 (Colo.App. 1989); C.R.C.P. 56(d).
The movant seeking a summary judgment has the burden of showing that there is no dispute, and all doubts are resolved against the movant. Moffat County State Bank v. Told, 800 P.2d 1320 (Colo.1990).
As pertinent here, under § 19-3-102(1), C.R.S. (1993 Cum.Supp.), a child is considered neglected or dependent if:
(b) The child lacks proper parental care through the actions or omissions of the parent, guardian, or legal custodian;
(c) The child's environment is injurious to his welfare;
(d) A parent, guardian, or legal custodian fails or refuses to provide the child with proper or necessary subsistence, education, medical care, or any other care necessary for his health, guidance, or wellbeing;
....
(f) The child has run away from home or is otherwise beyond the control of his parent, guardian, or legal custodian.
The trial court granted summary judgment under § 19-3-102(1)(f) because the child on May 12 refused to return home. However, we note there was no evidence the child had run away from home. The father, who was divorced from the mother and involved in a dispute with her over the child's custody, had taken the child to the Department. The father had also taken the child to the Department the prior year. The child had then likewise refused to return home with the mother, but later did so.
This incident the prior year, the circumstances in which the child came into contact with the Department, and the child's later statements to the intake worker on May 18 that she would consider living part-time with each parent sufficiently raised a genuine issue whether the child was beyond the control of the mother. Summary judgment was therefore not appropriate based on § 19-3-102(1)(f).
The Department contends that even if summary judgment cannot be sustained under § 19-3-102(1)(f), the trial court's ruling can be affirmed under § 19-3-102(1)(b), (c), or (d) because of the evidentiary rule concerning abuse set forth in § 19-3-505(7)(a), C.R.S. (1993 Cum.Supp.). Even if we were to construe the court's order as granting summary judgment on this alternative basis, we conclude such a ruling would be equally inappropriate.
Section 19-3-505(7)(a), C.R.S. (1993 Cum. Supp.) provides in pertinent part that in a proceeding adjudicating dependent or neglected status:
Evidence that child abuse or nonaccidental injury has occurred shall constitute prima facie evidence that such child is neglected *44 or dependent, and such evidence shall be sufficient to support an adjudication under this section.
The Department contends the affidavits concerning the change in the child's vaginal opening constituted evidence that the child was abused. It argues that, pursuant to § 19-3-505(7)(a), this was therefore prima facie evidence that the child was neglected or dependent under § 19-3-102(1)(b), (c), or (d), and that as a result, summary judgment was appropriate.
However, the second affidavit indicating a vaginal opening of 8 mm included no opinion or statement as to the possible cause for, or inferences to be drawn from, the change. In any event, there was no indication that the affiant was a physician or had even personally examined the child. Further, even if we were to characterize the enlarged vaginal opening as evidence of abuse, pursuant to § 19-3-505(7)(a), this would establish only prima facie, not conclusive, evidence that the child was neglected or dependent.
Other than the child's recanted claim of abuse, there was no evidence indicating that any abuse which might have taken place occurred while the child, who also spent time with the noncustodial father, was in the mother's custody. The mother in her affidavit denied ever abusing her child, having knowledge of any abuse, or any knowledge of the enlarged vaginal opening.
Under these circumstances, resolving all doubts in favor of the mother, none of petitioner's alternative claims under § 19-3-102(1)(b), (c), or (d) provided a sufficient basis for summary judgment.
Because of our reversal of the summary judgment, we need not address the other issues raised by respondent on appeal.
The judgment adjudicating the child dependent and neglected as to the mother is reversed. The cause is remanded to the juvenile court for further proceedings consistent with this opinion, including hearings forthwith to adjudicate whether the child is dependent and neglected as to the mother, and, if necessary, to determine custody.
STERNBERG, C.J., and TURSI, J.,[*] concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).