James A. MAGIN, Plaintiff–Appellant,

v.

DVCO FUEL SYSTEMS, INC., a Colorado corporation and Marcum Natural Gas Services, Inc., a Delaware corporation, Defendants–Appellees.

No. 97CA1934.

Colorado Court of Appeals,
Div. IV.

Feb. 18, 1999.

Rehearing Denied April 8, 1999.

Certiorari Denied Aug. 9, 1999.*

Stevens, Littman & Biddison, LLC, Craig A. Weinberg, Mark E. Biddison, Boulder, Colorado, for Plaintiff–Appellant.

Holme, Roberts & Owen, LLP, John R. Webb, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge ROTHENBERG.

Plaintiff, James Magin, appeals the summary judgment entered on his claim of civil conspiracy to defraud a creditor in favor of defendants, Marcum Natural Gas Services, Inc. and its subsidiary, DVCO Fuel Systems, Inc. (collectively Marcum). We reverse.

I.

In 1990, Magin sold two wholly-owned corporations to Shoreline Compression, Inc. (Shoreline), in exchange for promissory notes. These notes were personally guaranteed by Doug and Sarah Till (the Tills), who were Shoreline's sole shareholders and officers. As part of the sale agreement, Shore-

* Justice SCOTT does not participate.

line hired Magin as a consultant and the Tills personally guaranteed his remuneration.

Soon after entering into the agreement, Shoreline and the Tills defaulted on it.

In June 1991, Magin was hired by DVCO Fuel Systems, Inc., as its director of sales and marketing.

In July 1991, Magin sued Shoreline and the Tills. Although Magin was then employed by a subsidiary of Marcum and apparently kept his employer apprised of his lawsuit, Magin was not informed of Marcum's interest in acquiring Shoreline or its assets.

While Magin's lawsuit against Shoreline and the Tills was pending, the Tills began soliciting potential investors either to purchase Shoreline or to invest capital in the company to keep it going. They also contacted several attorneys about the possibility of filing bankruptcy personally and on behalf of the corporation in the event that Magin obtained a judgment against them.

In November 1992, Shoreline entered into confidentiality agreements with several potential investors, including Marcum. The purpose of those agreements was to allow investors to review Shoreline's records, files, and books to evaluate the company while assuring the Tills that the information would remain confidential.

Magin's lawsuit was successful, and following a jury trial, the court entered judgment on the verdict in his favor against Shoreline and the Tills for approximately $489,000.

After judgment had been entered in Magin's action against Shoreline and the Tills, the Tills made a formal proposal which contemplated Marcum's acquisition of Shoreline. Marcum turned down the proposal on February 10, 1993, after stating that it was not in its best interest to acquire Shoreline. Approximately one week later, Magin's employment was terminated.

On March 5, 1993, after failing to obtain a purchaser or investor, Shoreline and the Tills filed separate Chapter 7 bankruptcy proceedings. In mid-August, Marcum purchased Shoreline's assets at the bankruptcy sale. Although Shoreline had been valued at several hundred thousand dollars before the bank-

ruptcy, Marcum acquired Shoreline's assets for $37,000.

Magin ultimately collected approximately $181,000 on his judgment through the bankruptcy proceedings, but the majority of his judgment became uncollectible after those proceedings and after the Tills received a discharge.

Magin then filed this action against Marcum alleging several causes of action including civil conspiracy to defraud a creditor. Defendants successfully moved for summary judgment on that claim and this appeal followed.

## II.

Magin contends that summary judgment was improper as to his claim of a civil conspiracy to defraud a creditor. He maintains there is a genuine issue of material fact whether such civil conspiracy existed. We agree.

Entry of summary judgment is correct only if there is no genuine issue as to any material fact, and the burden to so demonstrate is on the movant. Appellate review of a judgment granting a motion for summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

A court must consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, in determining whether to grant a motion for summary judgment. C.R.C.P. 56(c). The nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts. *Moffat County State Bank v. Told*, 800 P.2d 1320 (Colo.1990).

To establish a civil conspiracy, a plaintiff must show by a preponderance of the evidence that there exists: (1) an object to be accomplished; (2) an agreement by two or more persons on a course of action to accomplish that object; (3) in furtherance of that course of action, one or more unlawful acts which were performed to accomplish a lawful or unlawful goal, or one or more lawful acts which were performed to accomplish an

unlawful goal; and (4) damages to the plaintiff as a proximate result. *Nelson v. Elway,* 908 P.2d 102 (Colo.1995); *Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486 (Colo.1989); *CJI–Civ.3d* 27:1 (1996 Supp.). *See Kajtazi v. Kajtazi,* 488 F. Supp. 15 (E.D.N.Y.1978); *McGuire v. Shubert,* 722 A.2d 1087 (Pa.Super.Ct.1998).

■ Magin contends that an issue of material fact exists whether the defendants' acts, while lawful in themselves, were performed to accomplish an unlawful goal. Specifically, he asserts that Marcum conspired with the Tills and induced them to commence lawful bankruptcy proceedings with the intention of acquiring Shoreline in its entirety for the purpose of defrauding Magin and preventing him from collecting on his judgment. We agree that a genuine issue of a material fact precludes summary judgment.

■ Normally, persons or parties may not be held liable for doing in a proper manner that which they had a lawful right to do. *Nelson v. Elway, supra.* Nevertheless, liability may be established for civil conspiracy even where only lawful acts were performed if the purpose or goal is unlawful. *Kajtazi v. Kajtazi, supra; McGuire v. Shubert, supra.*

In *Schreiber v. Burton,* 81 Colo. 370, 256 P. 1 (1927), an action for conspiracy to defraud was held to exist where defendants depleted company assets prior to bankruptcy with intent to procure the company's contracts and good will for their own benefit to the harm of the corporation and its creditors. There, the defendants transferred contracts, prevented potential asset purchases, damaged the company's good will, and used company assets for their own benefit before the company filed for bankruptcy.

Here, it is undisputed that the Tills and Shoreline had a legal right to file for bankruptcy and that Marcum lawfully purchased the assets at the bankruptcy sale. There is also no indication that the filing for bankruptcy and the bankruptcy proceedings were unlawful or that the Tills depleted or conveyed Shoreline's assets, as did the defendants in *Schreiber v. Burton, supra.*

However, there was evidence that: (1) Marcum entered negotiations to purchase or merge with Shoreline; (2) Marcum later purchased Shoreline's assets at the bankruptcy sale for substantially less than market value; (3) Marcum hired the Tills and other Shoreline employees; (4) Marcum acquired many profitable contracts with Shoreline's former clients shortly after the bankruptcy was filed; and (5) several of these contracts that were originally between Shoreline and its customers were renegotiated on terms favorable to Marcum.

Based on the circumstances surrounding the bankruptcy proceedings, Marcum's acquisition of Shoreline and Shoreline's employees, contracts, and customers free of Magin's judgment, and the reasonable inferences that Magin is entitled to have drawn from such evidence at this stage of the proceedings, we conclude that there is a genuine issue of material fact whether Marcum and the Tills conspired to use the lawful bankruptcy proceedings for an unlawful purpose, namely, to defraud Magin. *See Moffat County State Bank v. Told, supra.*

■ Finally, and contrary to Marcum's contention, Magin is not precluded from proceeding on the civil conspiracy claim in state court because he failed to contest the bankruptcies in bankruptcy court. *See In re M & L Business Machine Co.,* 136 B.R. 271 (Bankr.D.Colo.1992), *aff'd,* 160 B.R. 850 (D.Colo.1993) (claims against *non-debtor third parties* properly asserted by creditor in state court lawsuits).

We therefore conclude that the summary judgment entered in favor of defendants on Magin's claim of civil conspiracy to defraud a creditor was improper.

The judgment is reversed and the cause is remanded for further proceedings.

Judge NEY and Judge RULAND concur.